The State v. Brownfield.

them to obtain the same, as by statute in such case provided.  All concur, except Hough, C. J., absent.

THE STATE v. BROWNFIELD, *Appellant.*

1. **Practice** : VENUE, CHANGE OF : DISCRETION OF TRIAL COURT.  Where on an application for a change of venue because of the prejudice of the inhabitants of the county, the trial court hears the testimony of witnesses both for the state and the defendant, the Supreme Court will not interfere with its discretion in overruling the application, unless it appears that such discretion has been palpably abused.

2. ———— : ———— : DISQUALIFICATION OF JUDGE.    Since the act of 1877 (Laws, 1877, p. 357, amended by R. S., § 1878) no change of venue from one circuit to another, on account of the disqualification of the judge, is authorized.

3. **Practice** : ELECTION OF SPECIAL JUDGE.  Where the defendant files his petition, verified by his oath and supported by the affidavits of two reputable persons, setting forth some of the causes of disqualification of the judge enumerated in Revised Statutes, § 1877, it is the duty of the judge to order the election of a special judge to try the cause. This can only be done where the petition is supported by the affidavits of two or more reputable persons.

4. **Practice in Supreme Court** : QUALIFICATIONS OF JUROR : EXCEPTIONS.  The action of the trial court in overruling defendant's objections to the qualifications of jurors on their *voir dire* examination cannot be reviewed in the Supreme Court where the record fails to show that he saved his exceptions to the rulings at the time.

*Appeal from Henry Circuit Court.*—HON. J. B. GANTT, Judge.

AFFIRMED.

*Foster P. Wright* for appellant.

*D. H. McIntyre,* Attorney General, for the state.

The granting or refusing the change of venue was a matter strictly in the discretion of the trial court, and

the *whole question* is submitted to that court. *State v. O'Rourke*, 55 Mo. 440 ; *State v. Whitton*, 68 Mo. 91 ; *State v. Guy*, 69 Mo. 431. The record fails to show that defendant saved his exceptions to the action of the court in overruling his objections to the qualifications of certain jurors and this court will not review the point. *Harrison v. Bartlett*, 51 Mo. 170 ; *State v. Williams*, 77 Mo. 310 ; R. S., 1879, § 1921. The court did not err in denying the motion for a change of venue on account of the prejudice of the judge. It was not supported by the affidavits of two or more reputable persons.

NORTON, J.—At the March term, 1884, of the Henry county circuit court, the defendant was indicted jointly with one Frank Hopkirk for murder in the first degree for killing John E. Wells, on the 29th day of February, 1884. Upon the application of the parties charged on the 12th of September, 1884, a severance was granted. Defendant was put upon his trial on the 29th of September, 1884, which resulted in his conviction of murder in the first degree, and after making an unsuccessful motion for a new trial and in arrest of judgment brings the case here by appeal.

Of the many grounds alleged in the motion for a new trial, the counsel in their brief rely only on the following :

First, that the court erred in refusing to grant an application for change of venue, based on the ground that the minds of the inhabitants of the county were so prejudiced against defendant that he could not have a fair trial therein. Second, that the court erred in overruling defendant's application for a change of venue, based upon the prejudice of the judge. Third, that the court erred in overruling defendant's challenge, for cause, of certain jurors, who upon their *voir dire* examination stated that they had formed an opinion from reading in a certain newspaper, what purported to be the evidence before the coroner, and the confession of Hopkirk, and who said they still had such opinions, but that they were

conditional, and they could impartially try the cause on the evidence notwithstanding such opinions. These objections will be considered in the order of their statement.

I.    When a change of venue is applied for on account of the prejudice of the inhabitants of the county, the statute provides that the petition of the applicant for a change of venue shall set forth the facts or the grounds upon which such change is sought, and the truth of the allegations thereof shall be proved to the satisfaction of the court by legal and competent evidence, etc. In the case of the *State v. Whitton*, 68 Mo. 91, it was held that the trial court did not err in refusing to grant a change of venue on account of prejudice, it being observed that witnesses were examined both on the side of the state and the appellant, and the court, upon the evidence adduced, found that the alleged prejudice did not exist and that the finding was conclusive. In the case of the *State v. Guy*, 69 Mo. 430, it was held that this court would not interfere with the action of the trial court in refusing a change of venue, asked on account of prejudice of the inhabitants of the county, unless it appears that palpable injustice has been done. The case of the *State v. Burgess*, 78 Mo. 235, is to the same effect.

In the case before us, the record shows that ten witnesses on behalf of defendant were examined on the question of the prejudice of the inhabitants and a like number on the part of the state; while the evidence of some of the witnesses tended to show that in Windsor and vicinity, near where deceased lived and was killed, and which town is located in the northeast corner of the county, near the lines of Benton, Pettis and Johnson counties, the general opinion was that defendant was guilty and there was talk of mobbing defendant, and while the evidence also tended to show that in the town of Clinton the tragedy was generally discussed, an account of which had been published in the county papers, with large circulation, and like expressions of defendant's guilt were made; the evidence, also, tended to establish

the fact that in other parts of the county the matter was not generally discussed and that the witnesses had heard but few express themselves on the guilt or innocence of the accused. Not one of the witnesses examined on either side said he believed that defendant would not get a fair trial on account of prejudice. In this state of the evidence we cannot say that the court in overruling the application of defendant abused its discretion, and it is only when it appears that such discretion has been palpably abused that we can interfere under the ruling of this court in the cases above cited.

II. It is insisted that error was committed in overruling the following application of defendant: "Now here comes the defendant herein and moves the court to grant him a change of venue for the reason that the judge of this court is incompetent to hear and try this cause, first, because he is prejudiced against this defendant to such an extent that he cannot have before him a fair trial, and, second, because he will not afford him a fair trial and will not impartially rule in this case." This application was signed by defendant and sworn to by him, but was not supported by the oath of two or more reputable persons, and for the lack of such supporting affidavits the trial court overruled the application. We are of the opinion that the ruling of the court was correct for the following reasons: Section 1877, Rev. Stat. (which is section one of the law of 1877, p. 357, amended) provides that: "When any indictment or criminal prosecution shall be pending in any circuit or criminal court, the judge of said court shall be deemed incompetent to hear and try said cause, in either of the following cases: First, when the judge of the court in which such cause is pending, is near of kin to the defendant by blood or marriage; or, second, when the offence charged is alleged to have been committed against the person or property of such judge, or some person near of kin to him; or, third, when the judge is in any wise interested or prejudiced, or shall have been counsel in the cause; or, fourth, when the de-

fendant shall make and file an affidavit, supported by the affidavit of at least two reputable persons not of kin to or counsel for defendant, that the judge of the court, in which said cause is pending, will not afford him a fair trial, or will not impartially decide his application for a change of venue on account of the prejudice of the inhabitants of the county or circuit."

Sec. 1878.   "Whenever in any cause the defendant shall make application by petition under oath and supported by the affidavit of two or more reputable persons not of kin or counsel for the defendant for a change of venue for any of the reasons stated in the next preceding section, it shall be lawful for the judge to hear such application, and immediately thereafter, by an order of record, to empower the members of the bar present, to the number of three or more   *   *   *   to proceed to the election of a special judge for the trial of the particular cause pending," etc.

By the express words of said section 1877, where an objection is made to the judge, on the ground that he will not afford the defendant a fair trial, defendant is required to file an affidavit setting that fact forth, which must be supported by the affidavit of at least two reputable persons, and the requirement that the oath of defendant shall be thus supported is emphasized and extended by section 1878, which declares that whenever in any cause the defendant shall make application by petition under oath, supported by the affidavit of two or more reputable persons not of kin or counsel for defendant for a change of venue for *any* of the *reasons* stated in the *next* preceding section it shall be lawful for the judge to hear such application, etc.   We are not authorized to say that the general assembly did not mean what is so clearly expressed in this statute,   It is not open to the construction put upon it by defendant's counsel, viz., that no supporting affidavits to the oath of defendant are required.   The fallacy of this position is demonstrable from the following considerations :   Since the enactment

of the law of 1877 ( Laws. 1877, p. 357) no change of venue from one circuit to another on account of the prejudice or disqualification of the judge is permissible or authorized. That law provided, as does said section 1878, Rev. Stat. (which is amendatory to the act of 1877), that when objection is made, in the mode pointed out, to the incompetency of the judge on the score of prejudice, or any of the other grounds set out in section 1877, the judge, instead of ordering a change of venue to another circuit, should order the election of a special judge to try the cause.

It will be observed that under section 1878 his right and duty to order the election of such special judge is predicated upon the fact of defendant filing a petition verified by his oath, setting forth the existence of some one of the causes enumerated in section 1877, rendering the judge incompetent, supported by the affidavit of two reputable persons. Now had the trial court adjudged the application of defendant, unsupported as it was by the affidavit of two reputable persons, sufficient, it would have left the case in such condition that the court could not have sent it to another circuit to be tried, because there was no law authorizing it; nor could he have ordered an election of a special judge to try the case, because the petition of defendant under oath was not supported by the affidavit of two reputable persons, and not being thus supported, the court, under section 1878, had no authority to order such election, and had it done so, and had the trial been proceeded with by a special judge, we might well have been required to pass upon the legality of such a proceeding. It is true that by sec. 1880, Rev. Stat., the trial judge has the right to order the election of a special judge when any one of the disqualifying causes, enumerated in section 1877, is within his own knowledge, but that does not in any manner affect the question under discussion.

III. It is, also, urged that error was committed by the court in overruling defendant's objection to the qual-

ification of certain jurors, who upon their *voir dire* examination stated that they had formed opinions from reading newspaper accounts of the tragedy purporting to give the evidence before the coroner, and confession of Hopkirk. The record fails to show that the action of the court, in this respect, was excepted to at the time, and we cannot, therefore, examine the question, under the rulings of this court in the cases of *State v. Williams*, 77 Mo. 310, and *Harrison v. Bartlett*, 51 Mo., 170. See, also, sec. 1921, Revised Statutes.

The instructions given in the case are unexceptionable and were evidently drawn with more than usual care, and placed the law applicable to the facts before the jury in clear and unmistakable language.

The deceased was killed on the night of the 29th of February, 1884, at his own house, in the presence of his family, by two men who entered it wearing gum overcoats with their faces concealed or masked with handkerchiefs with eye holes in them. He was shot to death by these men with revolvers, and the evidence pointed strongly if not conclusively, to defendant as one of them. We perceive nothing in the record justifying an interference with the judgment, and it is hereby affirmed. All concur.