THE STATE v. BULLING, *Appellant.*

1. **Criminal Practice:** CHANGE OF VENUE : SPECIAL JUDGE. Where an application is made for a change of venue in a criminal case, founded upon any of the causes specified in Revised Statutes, 1879, section 1877, it becomes the duty of the regular judge to order the election of a special judge "for the trial of the particular cause pending;" and, if the application be sufficiently broad to include the ground that the regular judge will not impartially "decide the application for a change of venue," then the order for election should contain the additional recital, "and to decide defendant's application for a change of venue."

2. ———: ———: ———. An order for the election of a special judge to decide the defendant's application for a change of venue is for a purpose not authorized by law, and confers no jurisdiction on the supposed special judge.

3. **Jurisdiction:** CONSENT. Consent will not confer jurisdiction.

*Appeal from Buchanan Criminal Court.*—HON. F. S. WINN, Special Judge.

REVERSED AND REMANDED.

*W. B. Sanford* for appellant.

(1) The order, made by the criminal court of Buchanan county, on March 17, 1888, "for the election of a judge to decide the defendant's application for a

change of venue," was a nullity, because not based on legal authority. There is no such order known to, or authorized by, the law of Missouri. The order should have been for the election of a special judge to try the cause, or for the election of a special judge to decide defendant's application for a change of venue. *State v. Brownfield*, 83 Mo. 448; Acts, 1887, sec. 1, p. 168; *State v. Able*, 65 Mo. 357; *State v. Daniels*, 66 Mo. 192; *State v. Shipman*, 93 Mo. 157. (2) The order for the election of a special judge being illegal, the person elected under it was *non judex*, and had no authority either to decide the defendant's application for a change of venue, or to try the cause. (3) There is no such thing authorized by the laws of Missouri as a special judge taking a supplemental oath, as the record shows Judge WINN did in this cause. The oath is one and indivisible, is prescribed by statute, and is such an oath as a special judge, elected only to decide defendant's application for a change of venue, could not take. R. S. 1879, sec. 1879. (4) Had the order been for the election of a special judge to try the cause, the record does not recite all that is requisite to constitute a valid and legal election. It does not recite that members of the bar present, to the number of three or more, duly enrolled in said court, and not of counsel in the case, voted at said election. It does not show that the election was conducted by the clerk of the court, that he called the roll of the attorneys and noted their votes; nor does it contain the general statement that the election was held according to the provisions of the law. R. S. 1879, sec. 1878; *State v. Daniels*, 66 Mo. 205.

*John M. Wood*, Attorney General, for the State.

(1) It is submitted upon the record in this cause that the special judge was the only person authorized to try said cause. After the filing of the affidavits and

application mentioned in subdivision four of section 1877, stating that the judge of the court would not impartially decide defendant's application for a change of venue from the county, by virtue of the provisions of said section, the regular judge of said court became incompetent to try said cause. R. S. 1879, sec. 1877; *State v. Shipman*, 93 Mo. 147; *State v. Hayes*, 81 Mo. 574; *Ex parte Clay*, 98 Mo. 578. It became imperatively his duty to require the election of a special judge. R. S. 1879, sec. 1878; *State v. Hayes, supra.* And he lost his jurisdiction over the case when the order for the election of a special judge was complied with. *State v. Hayes, supra.* The special judge elected in this case, during the hearing or trial and in relation thereto, was clothed with all the powers possessed by the judge of said court; and, having been clothed with authority to try the cause, he retained jurisdiction thereof until its final determination, and his powers and duties ceased only upon the conclusion of the trial thereof. *Ex parte Clay, supra; State v. Sneed*, 91 Mo. 552; *State v. Hayes*, 88 Mo. 344; s. c., 81 Mo. 574. The defendant is restricted to one application for such cause. *State v. Anderson*, 96 Mo. 241; *State v. Greenwade*, 72 Mo. 288. And there is no provision, in the event the special judge elected to decide his application for a change of venue overrules the same, as he did in this case, for removing the cause from him; and there is no authority for the regular judge of the court or any one else taking charge of or trying the case. When the affidavit is made by defendant, as provided in the fourth subdivision of section 1877, that the judge of the court either "will not afford him a fair trial, or will not impartially decide his application for a change of venue," etc., this disposes of him and his authority to act in the case further than to order the election, as provided in section 1878, or to call in a judge of another circuit, as provided in section 1881. The special judge elected can only lose control over the

case, and his duties and authority cease when defendant's application for a change of venue shall be sustained, and by reason thereof the case shall be removed to another county and circuit beyond his jurisdiction, or when the case is finally tried and disposed of. It is evident that it was never contemplated that the regular judge should assume control of the case when defendant's application for a change of venue should be overruled by the special judge; and from this it follows that, unless such application is sustained, it becomes the duty of such special judge to proceed to try the case. As to the other objections made to the election, it is sufficient to say that the statute (section 1877) clearly authorized the election of a special judge in this case. Nor was there any necessity for stating more in the order for the election of special judge than was stated in this case. *State v. Hosmer*, 85 Mo. 553. Besides, objections to the regularity of the election of the special judge should have been made at the time. *State v. Dodson*, 72 Mo. 283. The order for the election of special judge in this case was made at the instance of defendant; when such judge had passed upon his application, and at first, supposing his duties in the case had been performed, was about to retire from the bench, defendant objected, and insisted upon his trying the case; and it is submitted that under this state of facts he will not be heard to complain in this court of the action of said special judge in proceeding to try said case. *State v. Anderson*, 96 Mo. 241.

SHERWOOD, J.—The defendant, indicted for the crime of murder, filed an application for a change of venue under the provisions of sections 1856 and 1859, Revised Statutes, 1879, based upon the prejudice of the minds of the inhabitants of the county. He also filed at the same time an additional affidavit under the provisions of section 1877, properly supported by other affidavits, alleging that the judge of the criminal court

would not impartially decide his application for a change of venue, on account of the prejudice of the inhabitants of the county. Whereupon, under an order of the court, duly entered, Ferman S. Winn was elected as special judge *"to decide the defendant's application for a change of venue."*

The special judge thereupon took and subscribed an oath that he would support the constitution, etc., and that he would "fairly and impartially decide defendant's application for a change of venue here." These things happened on March 17, 1888, and so the oath of the special judge is dated.

Afterwards, the special judge denied the application for a change of venue from the county, and after taking what the record terms "a supplemental oath as special judge," which said supplemental oath among other things recited that said affiant would "hear and try the above cause without fear, favor or partiality and give the defendant a fair and impartial trial and faithfully demean himself in office." These things occurred on the twenty-fourth of May, 1888, and such is the date of said supplemental oath.

The trial of the cause then took place ; resulting. in the conviction of the defendant of murder in the first degree ; he was sentenced accordingly, and appeals to this court.

I.   When a defendant in a criminal cause files an application for a change of venue based upon the prejudice of the inhabitants of the county, and no other or further affidavit is presented, the judge of the trial court hears the application himself, and, if proved to his satisfaction, he orders the cause removed to another county in the same circuit, where such prejudice does not exist; but, if the circuit judge denies the application for a change of venue, then he proceeds with the trial of the cause just as if no such application had been made. *State v. Whitton,* 68 Mo. 91. And the same

result occurs if there be filed an additional affidavit directed against the judge, which is defective by not being supported *aliunde*. *State v. Brownfield*, 83 Mo. 448.

But, if there be filed an application for a change of venue based upon the prejudice of the inhabitants of the county, and this be supplemented by the requisite affidavits that the judge of such court "will not afford him a fair trial, or will not impartially decide his application for a change of venue on account of the prejudice of the inhabitants of the county," then, under the express terms of section 1877, from which the language above is quoted, such judge is "deemed incompetent to hear and try said cause," and must do his duty as provided in section 1878, by ordering the election of a special judge, "for the trial of the particular cause or to decide defendant's application for a change of venue."

Taking the clause of the section just quoted in its *literal* sense, it would seem that *two* elections could be ordered, one for the election of a special judge "for the trial of the particular cause pending," and another for the election of a special judge "to decide defendant's application for a change of venue." But this view will not bear close scrutiny. Under our rulings, the defendant is entitled to but *one* application based upon the disqualifications of the judge. *State v. Greenwade*, 72 Mo. 298; *State v. Anderson*, 96 Mo. 241. And the statute, when you get at its true meaning, intends but *one* such application. It matters not what disqualifying fact, as specified in section 1877, is alleged in the application, from that time forth, by the express terms of the section, the regular judge is rendered "incompetent to hear and try said cause." So that, if our former rulings be correct, that but *one* application as aforesaid is allowed the defendant, and if a literal reading of sections 1878 and 1879 is to prevail, then the defendant in a criminal cause, by filing an application based

simply upon the allegation that the regular judge *will not impartially decide his application for a change of venue on account of the prejudice of the inhabitants*, etc., can thus disqualify the regular judge, and then, confidently relying on the one application theory, defy the further administration of the criminal law in his case.

In view of the dangerous consequences arising from such a construction, it will not be adopted, but a more liberal construction, a construction which presumes that the legislature never intended to enact an absurd law, one incapable of sensible and practical operation, will be the construction which we shall adopt, and, in furtherance of such a construction, we shall presume that the word "*or*," as used in sections 1878 and 1879, means "*and*." The use of such judicial license in construing statutes is permissible as shown by the authorities. Taking this construction as correct, then the sections under discussion are rendered harmonious, otherwise they cannot be reconciled with each other nor with our rulings heretofore made.

We shall, therefore, rule that where an application, based upon any of the causes specified in section 1877, is presented, thereupon it becomes the duty of the regular judge to order the election of a special judge "for the trial of the particular cause pending," and, if the application be sufficiently broad to include the last ground of disqualification mentioned in section 1877, then that the regular judge shall also add the words to his order of election: "*And* to decide defendant's application for a change of venue."

From these premises we draw these conclusions: *First.* That the special judge in this case was elected for a purpose not contemplated or authorized by law. *Second.* That in consequence of this no rights or jurisdiction were conferred upon such judge by his supposed election. *Third.* That there was no healing power in the subsequent consenting of the defendant,

if he gave any, for the trial of the case to proceed on its merits, with the special judge presiding thereat. Consent cannot confer jurisdiction.

There are numerous other errors assigned, but·it is unnecessary to examine them; they are errors *coram non judice* and, therefore, unworthy of notice.

The judgment will be reversed and the cause remanded. BLACK and BRACE, JJ., concur.