THE STATE v. BURGESS, *Appellant.*

1.  **Change of Venue:** FINDING OF TRIAL COURT. The trial of the issue made on a petition for a change of venue, is by the court, and unless manifest error occur to the prejudice of the accused, the appellate court will not interfere with the finding.

2.  ———: OPINIONS OF WITNESSES. Upon the trial of this issue it is error to take the opinions of witnesses as to whether the applicant can have a fair trial or not; they should be interrogated as to facts tending to show whether there is or is not prejudice. But if there is enough other evidence to support the finding of the court, the judgment will not be reversed for error in this particular.

3.  **Juror, Having an Opinion.** The statute provides that an opinion founded only on rumor and newspaper reports, if not such as to prejudice or bias the mind of the juror, shall not disqualify him. R. S. 1879, § 1897.

4.  **Murder:** MANSLAUGHTER. The evidence in this case warranted the court in instructing the jury both as to murder in the first degree and manslaughter in the second degree.

*Appeal from Platte Circuit Court.*—Hon. Geo. W. Dunn, Judge.

AFFIRMED.

*J. E. Merryman, R. P. C. Wilson* and *S. C. Woodson* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

HENRY, J.—The defendant, George E. Burgess, was indicted for the murder of Caples Burgess. He was tried at the March term, 1883, of the Platte circuit court, found guilty of manslaughter in the second degree, and sentenced to imprisonment in the penitentiary for a term of five years, and he has appealed from the judgment.

At the same March term he presented his petition for a change of venue, alleging that the inhabitants of Platte county were so prejudiced against him that he could not have a fair trial in that county. Witnesses were introduced by defendant to establish the fact alleged in his petition, and by the State in rebuttal, and defendant complains that witnesses called by the State were permitted to give to the court their opinion that defendant could have a fair trial in Platte county, and that one of said witnesses, R. L. Waller, was permitted to state that any man could obtain a fair trial in that county. The witnesses for defendant had testified in relation to the feeling in the county against the defendant, as indicated by expressions they had heard from the inhabitants in regard to the case. They expressed no opinion, except one Cockrell, who thought defendant could have a fair trial. Some of the witnesses for the State said nothing as to the fact of prejudice existing against defendant or not, but merely expressed their opinion that defendant could have a fair trial; others, six in number, Shouse, Garvin, Todd, Carson, Hull and Cecil, that they had heard but little about the case and knew of no prejudice against defendant, and Cockrell, one of defendant's witnesses, also stated that defendant could have a fair trial. The court refused the application.

The trial of the issue made on a petition for a change of venue, is by the court, and unless manifest error occur

1. CHANGE OF VENUE: finding of trial court on the trial of that issue, to the prejudice of the accused, we cannot interfere with the finding of the court. There was evidence to sustain the finding.

It was error to take the opinion of witnesses, as was done in this case, yet, under the circumstances, it was not 2. ———: opinion of witnesses. such an error as would justify a reversal of the judgment. Whether the alleged prejudice exists or not, is a matter of fact. The witnesses for the State may have believed, or known the facts, testified to by defendant's witnesses, and yet entertained the opinion expressed by Waller, that any man could obtain a fair trial in Platte county. It was not for witnesses to say, whether the inhabitants of that county, notwithstanding their prejudice against the accused, could rise above it in the jury box, and deal fairly and impartially with the defendant. It must be such a prejudice as will prevent a fair trial, but the extent and character of the prejudice are facts upon which the court is to determine whether it is such prejudice as will prevent a fair trial. The facts are to be testified to by witnesses, and the opinion is to be formed by the court on the facts. If there had been no other evidence for the State on that issue, but that of these witnesses, we are inclined to the opinion, that the change of venue should have been awarded.

Defendant's counsel also insist that E. O. Waller, one of the panel of forty, was an incompetent juror, he having 3. JUROR, HAVING AN OPINION. "formed and expressed an opinion as to the guilt of the accused, both from rumor and testimony published, and he said it would take other evidence to change his opinion." That was not what Waller said. We copy from the bill of exceptions what he did state: "I have not talked with any of the witnesses. I read a newspaper account of the case while I was away. I have formed an opinion from rumor or newspaper accounts of the case. That opinion is not such as to prevent me giving the defendant a fair and impartial trial, accord-

ing to the evidence in the case." The statute provides that an opinion founded only on rumor and newspaper reports, if not such as to prejudice or bias the mind of the juror, shall not disqualify him.

The alleged error with respect to the instruction as to murder in the first degree, does not relate to its substance,

4. MURDER: man- but the objection is that there was no evi-
slaughter.        dence to warrant such an instruction. We
do not agree with counsel, but think there was evidence sufficient to warrant an instruction on that degree of murder. There was an old feud between the defendant and Caples Burgess, and when the latter cursed Dean for mistaking him for and calling him George, the defendant, instead of paying no attention to the remark of a drunken man, replied, "George is a good name," and immediately after the fight commenced. There were other circumstances which it is unnecessary to detail, taken in connection with that just mentioned, which fully warranted the instruction.

Nor did the court err in giving an instruction defining manslaughter in the second degree. Counsel for defendant contend that it was error, "because the evidence shows that deceased committed the first assault, and followed it up with violence," etc. The defendant testified that deceased struck the first blow, but no other witness so testified, and the argument of counsel assumes that the jury was bound to believe the defendant's statement. The credit to be given to defendant, as a witness, was a matter for the consideration of the jury, and the court could not, in instructions, have assumed, as an established fact, what the jury might have found otherwise.

The judgment is affirmed. All concur.