Ernest Hofheimer et al., Respondents, v. B. Losen, Appellant.

Kansas City Court of Appeals, February 8, 1887.

1.  Practice — Evidence — Proof of Laws of Another State — Case Adjudged.— It is not competent, for the purpose of showing

a release of a debt sued upon in *this state* to prove that defendant had been sued jointly with another in a justice's court in the *state of Illinois,* and the suit dismissed as to defendant ; on the *assumption* that a judgment against one joint debtor is a release of the other ; unless proof is made of the laws of Illinois, showing that a justice of the peace had *jurisdiction* of the action. Such jurisdiction, if it exists, would be by force of some statute which must be offered in evidence. The *fact* of release must be made out by *evidence,* and the fact of jurisdiction is part of the proof.

2. —— Error not Set up in New Trial.—Where error is not complained of in the motion for new trial, it will be considered as abandoned.

3. Principal and Surety — Notice.—A surety is not entitled to notice of non-payment. He is an original promisor. His contract is not that of a guarantor ; it is an absolute promise to pay the amount stipulated, and the creditor is not bound to use diligence or give notice of non-payment.

Appeal from Jackson Circuit Court, Hon. F. M. Black, Judge.

*Affirmed.*

The case is stated in the opinion.

H. Lithgow, for the appellant.

I. The court erred in admitting that portion of the deposition of S. Hofheimer objected to at the trial. Whether plaintiff intended by his agreement with Schnarr, the acceptor, to release defendant was a legal conclusion.

II. The court erred in rejecting the transcript of the record and deposition of Wm. Lockwood. If appellant was a joint maker or acceptor of the draft, and a citizen of Illinois at that time, he should have been made a party to the suit. The testimony showing, that appellant was a citizen of Illinois, and the judgment being only against Schnarr, and dismissed as to appellant, there was a merger of the cause of action against appellant. *Wiley v. Holmes,* 28 Mo. 286.

III. The court erred in its instructions in behalf of respondent. They ignored the question of notice of

non-payment, to which appellant was entitled. 1 Parsons on Notes and Bills (Ed. 1873) chapter 11, pages 353, 354, 355 and 356; Story on Promissory Notes, (7 Ed.) 210; *Commercial Bank of Albany v. Hughes*, 17 Wend. 94.

IV. The word "security" after appellant's name across the face of the draft made his liability the same as an endorser. 1 Wait's Actions and Defenses, page 622. Respondent failing to show notice and non-payment, appellant is released, unless respondent has shown affirmatively that appellant was not injured thereby. *Commercial Bank of Albany v. Hughes*, 17 Wend. 94.

V. Appellant's instructions, refused by the court, were the law. *State to use of Mueller's Adm'r etc. v. Manning and Schlender*, 55 Mo. 142; *Prior v. Kiso*, 81 Mo. 241.

LATHROP & SMITH, for the respondents.

I. There was no admission of illegal evidence offered by plaintiff. The evidence complained of was ruled out upon objection. Besides there was no assignment of error upon motion for new trial. *Cowen v. Railroad*, 48 Mo. 556; *Gordon v. Gordon*, 13 Mo. 216; *Powers v. Allen*, 14 Mo. 369.

II. The second error assigned by appellant relates to the exclusion by the trial court of a transcript of a judgment rendered by some person in the county of Adams, state of Illinois, claiming to be a justice of the peace, and also the deposition attached to said judgment transcript of one Lockwood, identifying said transcript. There was no evidence of any kind offered to show the existence of any such thing as a justice of the peace in the state of Illinois. There was no competent evidence that said Lockwood was a justice of the peace, nor that he had jurisdiction to render said judgment. These are facts to be proved. There was no proof or offer to prove that the Schnarr against whom the judgment was rendered, to which said transcript related, was

the same Schnarr who was the principal acceptor upon the draft sued upon. There was no proof of the Illinois law. The said transcript was not properly certified, being a judgment in another state, even if all the other requisite matters had been satisfactorily proven. *Ticknor v. Voorheis*, 46 Mo. 110, 111 ; *Thomas v. Robinson*, 3 Wend. 267, 268, 269 ; *Betts v. Bagley*, 12 Pick. 572, 581 ; Abbott's Trial Evidence, page 549, par. 27 ; 1 Greenleaf on Evid. (Red. Ed.) par. 486, note 1 and cases cited ; 1 Greenleaf Evid. (Red. Ed.) sect. 488 ; Rev. Stat. U. S. (1878 Ed.) Title XIII. chap. 17, sect 906.

III.   The transcript of judgment was not competent *under the pleadings.*   To make it competent a *special* pleading was required, setting forth a discharge of defendant by way of merger on account of a separate judgment against one acceptor. This could not be shown upon a plea which goes to the merits simply, as does the general issue, which was the plea made by defendant. *Bank v. Williamson*, 61 Mo. 259 ; *Reed v. Snodgrass*, 55 Mo. 180 ; *Schergers v. Wetzell*, 12 Mo. App. 596. There is nothing in the record to show, and there was no offer to prove, that defendant Losen was a citizen of Illinois at the time of the judgment against Schnarr. Appellant is wrong in stating the contrary. The third assignment of error by appellant is entirely without ground to stand upon.

IV.   The record discloses no instructions at all asked by respondents, and none were given in their behalf. Again there is no objection preserved in the motion for a new trial, to the giving of instructions in behalf of respondents. *Cowen v. Railroad*, 48 Mo. 556 ; *Gordon v. Gordon*, 13 Mo. 215, 216 ; *Powers v. Allen*, 14 Mo. 367, 369, 370.

V.   The original instruction given by the court of its own motion did not ignore the question of notice of non-payment. There was no such question in the case. There was no such *issue* made by the pleadings as required an instruction concerning notice of non-payment.

There was no such defence pleaded as a discharge by reason of omission to give notice of non-payment. Nor could such a defence be made under a plea which tendered the general issue as did defendant's plea. No allegation of notice of non-payment was necessary to support plaintiff's case. The issues *made by the pleadings* cannot be changed by instructions. *Northup v. Ins. Co.*, 47 Mo. 435; *Nelson v. Brodhack*, 44 Mo. 596; *Bates v. Hinton*, 4 Mo. 78; *Cable v. McDaniel*, 33 Mo. 363; *Adams v. Trigg*, 37 Mo. 143; *Darrett v. Donnelly*, 38 Mo. 492; *Glass v. Gelvin*, 80 Mo. 303. The undertaking of defendant was absolute that the acceptance should be paid. Hence no notice to him of non-payment was necessary. *Transp. Co. v. Jones*, 11 Vt. 444; *Peck v. Barney*, 13 Vt. 93; *Allen v. Rightman*, 20 Johnson (N. Y.) 363.

VI. There was no error in refusing to give appellant's instructions numbered one and two. There was no evidence of any agreement in *writing* to extend the time of payment. The other matters embraced in said instructions had been already fully covered and fairly presented in the instructions given by the court of its own motion. *Cooper v. Johnson*, 80 Mo. 483, 491.

VII. Referring to appellant's fifth assignment of error, a reference to the record will disclose that there is nothing to show that the recalling of the jury and giving further instructions by the court, took place in the absence of counsel. No objection of this kind was preserved in the motion for a new trial, and it cannot be entertained now. The record, however, shows that appellant's counsel was present at the time the jury were recalled and excepted to the giving of the new instructions. There was no error in this action of the court. *Scott v. Haynes*, 12 Mo. App. 596, 597; *State v. Pitts*, 11 Iowa, 343; *Hogg v. State*, 7 Ind. 551.

VIII. The questions of whether there *was an extension* of the time of payment for a definite period, of the acceptance sued upon, *without the consent* of defendant,

and whether there was any *consideration* for such extensions, or whether it was a mere *indulgence*, a gratuity, were all properly *submitted to the jury*, and under the instructions must have been found for plaintiffs.

ELLISON, J.—This was a suit begun before a justice of the peace, for a balance of two hundred dollars and interest, upon the following acceptance, to-wit:

"$271.29.          QUINCY, ILLINOIS, April 4, 1883.

"Four months after date pay to the order of ourselves, two hundred seventy-one 29-100 dollars. Value received, and charge same to account of H. Hofheimer & Co.

"To John Schnarr.   Security, B. Losen, Quincy, Ill."

Across the face of said draft was written the following:

"Accepted April 7th.
"John Schnarr,
"B. Losen, Security."

On the back of said acceptance is an endorsement in words and figures as follows, to-wit:
"Amount of Acceptance..................$271.29
"August 20, 1883, By Cash............   71.29
                                        ——————
    "Balance.........................................$200.00"

Defendant did not file any answer or other formal pleading.

There was a judgment for defendant in the justice's court, from which an appeal was taken to the circuit court of Jackson county, Missouri. In said circuit court the case was tried by a jury. Defendant filed no formal or special pleadings in the circuit court. The pleadings were the same as in the justice court.

Plaintiffs obtained judgment and defendant appeals.

Defendant offered to show on the trial, for the purpose of showing a release of the debt, that plaintiffs had sued him and John Schnarr in a justice's court in Quincy, Illinois, for this debt, in which action they dismissed as to him and took judgment against Schnarr alone, contending that, by the laws of Illinois, the *situs* of the contract, a judgment against one joint debtor is a release of the other.

This evidence was properly excluded for the reason that there was no proof of the laws of Illinois showing a justice of the peace had jurisdiction of the action. Such jurisdiction, if it exists, would be by force of some statute which should have been offered in evidence. We will presume the common law is in force in Illinois by which one joint debtor may be released by a judgment against another. Illinois, though as a *state* was never subject to the common law of England, her territory was, and the state is made up of territory belonging to colonies which were so subject. "There is no doubt that the common law is the basis of the laws of those states which were originally colonies of England, or carved out of such colonies. It was imported by the colonists and established so far as it was applicable to their institutions and circumstances, and was claimed by the congress of the United Colonies in 1774 as a branch of those 'indubitable rights and liberties to which the respective colonies' were entitled. 1 Kent's Com., 343. In all the states thus having a common origin, formed from colonies which constituted a part of the same empire, and which recognized the common law as the source of their jurisprudence, it must be presumed that such common law exists—it has been so held in repeated instances. And it rests upon parties who assert a different rule to show that matter by proof." *Norris v. Harris*, 15 Cal. 226, 252. This extract from an opinion by Judge Field is undoubtedly the correct

rule. Indiana and Illinois have each been recognized in Missouri as states to which this presumption will apply. *Meyer v. McCabe*, 73 Mo. 236; *Warren v. Lusk*, 16 Mo. 102; *Houghtaling v. Ball*, 19 Mo. 84.

In undertaking to follow the last previous ruling of the Supreme Court, as is our constitutional obligation, we have in two previous cases misinterpreted a remark of Hough, J., in the case of *Flate v. Mulhall* (72 Mo. 522). In that case it is said, "that presumption can only be indulged with reference to those states, which, prior to becoming members of the union, were subject to the laws of England." In the cases of *Crone v. Dawson* (19 Mo. App. 214) and *Silver v. Railroad* (21 Mo. App. 9), we held there was no presumption that the common law was in force in Illinois, and we take this occasion to repudiate those cases in this respect, as well as the historical error inadvertently stated in the latter case. We announced the correct rule in *White v. Chaney* (20 Mo. App. 389).

But while we will assume what the law of Illinois is as to the release of a joint debtor, we cannot assume that debtor has in fact been released; that must be made out by evidence, and for that purpose the judgment of the justice of the peace was offered. The jurisdiction of a justice of the peace, in civil matters at least, is statutory (*Dillard v. Railroad*, 58 Mo. 69); and in order to have made complete his offer of the judgment, defendant should have also offered proof of the statute of Illinois, giving a justice of the peace jurisdiction in such cases.

II. During the deliberations of the jury they were called in by the court and the instructions which had at first been given them were withdrawn by others substituted in their stead.

If any error was committed by the manner in which it was done, the point was not made in the motion for new trial and will, therefore, be considered as abandoned.

The instructions finally given by the court, of its

own motion, were correct. They declared Losen to be a surety—the theory upon which defendant's refused instructions were based—and properly submitted to the jury whether he had been discharged by an extension of time, for a consideration, without his consent.

III. As a surety, defendant was not entitled to notice of non-payment. I know of no reason why there may not be a surety for an acceptor. The undertaking of the surety here was joint with that of the acceptor. He is an original promisor. His promise is not collateral or dependent upon a distinct consideration from that of the acceptor. His contract is not that of a guarantor. But if it was, it is not such an one as requires notice. As before stated, it is an absolute promise to pay the amount stipulated and the creditor is not bound to use diligence or give notice of non-payment. "But where the guaranty is, that the creditor himself shall be able to collect the debt of some third person, then it is incumbent upon the creditor to use diligence, and to give reasonable notice of non-payment. This is in accordance with the long established rule of the common law. If I undertake for the act of some third person, I am not entitled to notice of his default, before suit brought; but if I undertake directly your act or success, I am entitled to notice of your failure, for this is a fact peculiarly within your knowledge." *Train v. Jones*, 11 Vermont, 444; *Peck v. Barney*, 13 Vermont, 93. To the same effect are the cases of *Davis v. Jones*, 61 Mo. 409, and *The Singer Mfg. Co. v. Hester*, 71 Mo. 91.

We see nothing in the other objections presented requiring a reversal and affirm the judgment. All concur.