SMITH, Appellant, v. AULTMAN, Respondent.

St. Louis Court of Appeals, October 16, 1906.

**CONFLICT OF LAWS: Judicial Notice.** The courts of one State can not take judicial notice of the statute laws of a sister State; one seeking to avail himself of the statute of another State in the courts of this State must introduce such statute in evidence and prove it as any other fact in the case.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Duncan & Bragg* for appellant.

*Brewer & Collins* for respondent.

NORTONI, J.—This is a suit on a promissory note. The facts are on May 7, 1901, the defendant borrowed from the Bank of Caruthersville $250, for which he executed a note to said bank bearing eight per cent interest. The plaintiff and George Fair signed said note and became joint makers or securities thereon for him. Afterwards this plaintiff and his co-surety, Fair, paid off the note at the bank and took up the same, and for value, the bank indorsed and transferred the said note to plaintiff and said Fair. Afterwards the defendant fully paid and reimbursed Mr. Fair for the full amount he had expended in discharging and taking up one-half of said note and thereupon said Fair, having been fully paid, transferred his interest in the same to the plaintiff and delivered the same to him with the following indorsement thereon: "Received order on D. W. Gible for $50, also Deering Harvester Company's check for $76, which is understood to be in full for the one-half of this note which was due to me. In consideration of the above payments, I, George Fair, without recourse on me, relinquish all claim or interest in said note, October 23,

1901." Afterwards, the plaintiff instituted this suit upon the note against defendant for the portion thereof which remained unpaid.

At the trial, the defendant admitted the note and that the plaintiff and Mr. Fair discharged the same for him at the bank.

The answer consisted of a counterclaim for work and labor which defendant claims to have performed for plaintiff in Arkansas. The plaintiff introduced the note and proved how he became the owner and holder thereof as above indicated, and having thus made a prima facie case, the defendant assumed the burden on his counterclaim. Whereupon the following material facts were developed.

Plaintiff had contracted to furnish a large amount of saw timber in Arkansas and about four years before, employed this defendant to haul logs from the forest to the river bank at so much per thousand feet; the amount of lumber in said logs to be ascertained by scaling or measuring them on the river bank. It appears the defendant, with several men and teams, worked at this business for plaintiff several months and that there was a running account between them during that time. Defendant testified that he had measured and scaled all of the logs he had hauled and that, after allowing all credits, etc., there was a balance due him from plaintiff on his account, of $300; that he had a book account of the items which he made at the time; that the book had become lost, inasmuch as shortly thereafter the present plaintiff broke up in business and was insolvent for several years. He further testified that he had been wholly unable to induce the plaintiff to accompany him and measure the logs and settle therefor at the time he concluded the work. He admitted having received several hundred dollars in payments from the plaintiff while the work was going on, but insisted that there was a balance of $300 due

him thereon; while on the other hand, the plaintiff maintained that he had measured the logs and kept an accurate and true account of the items and dealings between himself and the defendant during the time the labor was being performed; that some time after the labor was concluded, a settlement was had between them and a balance of $27.40 was found to be due to the defendant instead of $300, as claimed by defendant. This fact the defendant stoutly denied, insisting that no settlement had ever been had; that the plaintiff actually owed him as a balance on the work, $300. It appeared that the contract whereby the plaintiff employed the defendant to haul the logs was made in the State of Arkansas; that it contemplated the labor to be performed in that State and that all of the labor performed thereunder and everything thereabout was performed in the State of Arkansas. Several witnesses testified pro and con, but what has been said, recites all of the material facts with which the court is concerned on this appeal.

The case was tried by the judge without a jury. No declarations of law were asked or given. The court found the issues for the defendant and plaintiff appeals.

From the evidence, it is apparent that there was substantial evidence introduced by defendant to sustain the finding and judgment in his favor by the trial court. In fact, this much is conceded by appellant in his brief, and the only question urged by him in this court for a reversal of the judgment is that, inasmuch as the uncontroverted evidence discloses the contract for hauling the logs whereby defendant claims the plaintiff is indebted to him on the counterclaim was made in Arkansas, to be performed in that State, and that it was fully performed in that State more than three years prior to the filing of the counterclaim herein, therefore the indebtedness alleged in the counterclaim accrued more than three years prior thereto and is barred by the three years statute of limitations of the State of

Arkansas. Section 4822 of Sandels & Hill's statutes of Arkansas is cited by plaintiff in support of the proposition advanced. This may or may not be true. It is the duty of the court to be guided in determining the question by looking to the record before us and upon an examination, we are unadvised as to what the provisions of the statutes of that State are in that behalf. It is elementary that the courts of one State cannot take judicial cognizance of the statute laws of a sister State. The burden is on the party seeking to avail himself of the benefit of the laws of a foreign State in the courts of another to introduce such laws in evidence in the trial court and incorporate them in the record. Such laws are matters of fact and must be proved the same as any other fact in the case. [Flato v. Mulhall, 72 Mo. 522; Sloan v. Torry, 78 Mo. 623; 13 Am. and Eng. Ency. Law (2 Ed.), 1058.] This was not done in the court below and hence, in the absence of a showing to the contrary, it was proper for the trial court, and it is the duty of this court, to adjudicate the case before it upon the law of the forum. [Flato v. Mulhall, 72 Mo. 522.]

We are unable to find reversible error in the record. The judgment is therefore affirmed. *Bland, P. J.,* and *Goode, J.,* concur.