BICK, Appellant, v. LANHAM, Respondent.

**St. Louis Court of Appeals, March 5, 1907.**

**JUSTICES OF THE PEACE: Presumptions: Jurisdiction: Foreign Judgments.** Presumptions are not indulged in regard to the jurisdictions of justices of the peace, and when an action in this State is instituted on a foreign judgment rendered by a justice of the peace it is necessary to prove that the laws of the State where the judgment was rendered conferred upon justices of the peace jurisdiction over the subject-matter of the action in which judgment was rendered.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Thomas P. Bashaw* for appellant.

(1)   The judgment of a sister State is prima facie evidence of the jurisdiction of the person of defendant where the writ was returned "executed" although such return may be informal. Wilson v. Jackson, 10 Mo. 329. (2)   And where facts touching the acquisition of jurisdiction fully appear, judgments of justices of the peace are regarded no less favorably than those of courts having more extensive powers. Leonard v. Sparks, 107 Mo. 103.

*Ragland & McAllister* for respondent.

There is no presumption in favor of the jurisdiction of a justice of the peace. WILSON, J., in Gay v. Lloyd, 1 Greene (Iowa) 78, 46 Am. Dec. 499. "The jurisdiction of a justice of the peace, in civil matters at least, is statutory; and in order to have made complete his offer of the judgment, defendant should have also offered proof of the statute of Illinois, giving a justice of the peace

jurisdiction in such cases." Hofheimer v. Losen, 24 Mo. App. 659; 23 Cyc. 1593, 8, b. note 35; Cole v. Stone, Hill & D. Supp. (N. Y.) 360; Thomas v. Robinson, 3 Wend. (N. Y.) 267; Am. and Eng. Ency. Law (2 Ed.), pp. 995-997. It was necessary therefore for the appellant to have shown that the justice of the peace by virtue of some statute of the State of Illinois had jurisdiction in the case wherein he rendered the judgment in controversy. 23 Cyc. 1574-1575, note 35.

GOODE, J.—This action was instituted in the Circuit Court of Monroe County, on a judgment rendered by a justice of the peace of Hancock, Illinois. A transcript of the proceedings before the justice had been filed in the office of the circuit clerk of said Hancock county, and the mode of proving the judgment attempted in the present action was by an offer of an exemplified copy, attested according to the Act of Congress, of the transcript on file with said circuit clerk. The exemplification was admitted over the objection of the defendant, but at the conclusion of plaintiff's evidence the court gave a declaration of law that under the pleadings and evidence plaintiff could not recover; whereupon a nonsuit was taken with leave to move to set it aside. This motion having been made and overruled, the present appeal was prosecuted. Plaintiff was forced to a nonsuit because he had failed to prove the laws of Illinois gave justices of the peace in said State jurisdiction over the subject-matter of the judgment. Plaintiff's counsel contend that as the justice's judgment was proved in accordance with the Act of Congress, it ought to be presumed the justice had jurisdiction of the subject-matter. It has been denied by legal authorities that proceedings before justices of the peace come within the purview of the Act of Congress prescribing the mode in which judicial proceedings in a court of one State shall be authenticated so as to have effect in another State. This doctrine and its reasons are stated in Gay v. Lloyd, 1. G. Green (Iowa)

78. See, too, McRae v. Stokes, 37 Am. Dec. 701 and 3 Cowan & Hill' notes on Evidence, 898. We call attention to these authorities, not to follow them, for we do not intend to pass on the question, but to indicate that we neither reject nor accede to plaintiff's contention that said Act of Congress applies to records of justices of the peace. It is unnecessary to rule on this proposition, because whether it is sound or not, the court below rightly held the plaintiff could not recover without proving the judgment of the Illinois justice of the peace was based on a subject-matter within his jurisdiction. Presumptions are not indulged in regard to the jurisdiction of justices of the peace, and when an action is instituted on a foreign judgment rendered by one of them, it is essential to prove jurisdiction over the subject-matter. [Hoffheimer v. Losen, 24 Mo. App. 652, 659; Cole v. Stone, Hill & D. Supp. (N. Y.) 360; Thomas v. Robinson, 3 Wend. (N. Y.) 267; Gay v. Lloyd, supra.]

The judgment is affirmed. All concur.