N. H. TRIMBLE et al., PARTNERS as TRIMBLE BROS., Appellants, v. J. C. STAMPER, Respondent.

**Kansas City Court of Appeals, May 4, 1914.**

1. **FOREIGN JUDGMENTS: Full Faith and Credit: Jurisdiction of Person and Subject-Matter.** The judgment of a foreign court of limited statutory jurisdiction is not entitled to full faith and credit unless the jurisdiction of the court over the subject-matter and of the person is shown.

2. **EVIDENCE: Foreign Statute.** Sec. 6281-2, R. S. 1909, provide how a foreign statute may be proved. Oral proof may be offered to show the unwritten law or custom of a foreign state, but not a statute.

Appeal from Platte Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*A. D. Gresham and R. A. Chiles* for appellants.

*Wilson & Wilson* and *Hughes & Whitsett* for respondent.

TRIMBLE, J.—Plaintiff sued upon a foreign judgment.    The transcript thereof discloses that the judgment purports to have been rendered by the Montgomery Quarterly Court of Montgomery county, Kentucky.

Defendant pleaded that the judgment was invalid; that it was obtained by fraud; that defendant had a good defense thereto but had been prevented from pre-senting the same through fraud and deceit. No attack or objection was made to this defense. A reply was filed denying these allegations; a jury was waived and the cause was tried by the court.

Plaintiffs introduced the transcript of the judgment and rested. Thereupon defendant, without objection, introduced his testimony in support of the issues raised by the answer, and plaintiffs offered testimony in rebuttal. The court found for defendant. No declarations of law nor findings of fact were asked or given.

Defendant is a resident of Platte county, Missouri. The foreign judgment purported to have been rendered by the Montgomery Quarterly Court. Kentucky is a common law State and such court must be a statutory court and not a common law court of general jurisdiction. Being a statutory court, its jurisdiction is limited and defined by the statute creating it. There was no proof of such statute nor of the jurisdiction of said court. Oral proof was offered but this was excluded by the court. The statutes of another State cannot be proved in this manner. [Secs. 6281 and 6282, R. S. Mo. 1909.] The statute should be introduced. [Smith v. Aultman, 120 Mo. App. 462; Lee v. Railroad, 195 Mo. 400.] It was incumbent upon plaintiffs to show not only that a judgment was rendered in that court but that said court had jurisdiction of the subject-matter and of the person of the defendant. The judgment of a foreign court of statutory limited jurisdiction is not entitled to full faith and credit unless these matters are shown. [Thomas v. Robinson, 3 Wend. (N. Y.) 267; Kelley v. Kelley, 161 Mass. 111, l. c. 117; Hofheimer v. Losen, 24 Mo. App. 652, l. c. 659.] The fact was overlooked that the

judgment was rendered by a foreign court of inferior statutory jurisdiction not proceeding according to the course of the common law. In such case nothing can be presumed in its favor. A reading of the transcript discloses that jurisdiction of the person does not affirmatively appear on the face of the record.

There are other reasons why the judgment of the trial court should be affirmed, but the foregoing are sufficient. Its affirmance is therefore ordered. All concur.