SCOTT GROO, Appellant, v. W. E. SANDERSON, Respondent.

Springfield Court of Appeals, December 5, 1921.

1. **CONTINUANCE:** Answer Held not to Surprise. In an action on a judgment of a city court in another State, where the answer denied the judgment had been entered in the city court, denied that defendant had appeared, and alleged the judgment was invalid, a trial amendment to the answer alleging that said city court was a court of limited jurisdiction similiar to that of a justice of the peace did not entitle plaintiff to a continuance on the ground of surprise, since it raised no new issue, as the same defense might have been made under the original answer.

2. **VENUE:** Second Application for Change of Venue Held Properly Refused. Where plaintiff's first application for change of venue was properly overruled because not complying with Revised Statutes 1919, sections 1357, 1360, and plaintiff, without requesting leave to amend the application, excepted to the ruling and filed a second application for change, refusal of the latter was proper, especially where it came too late, being made after plaintiff had announced ready for trial, and after filing of amended answer, had demanded a jury, which jury was summoned at the time the applications for change of venue were presented.

3. **JUDGMENT:** In Action on Foreign Judgment Entered by Clerk of Court, his Authority Must be Shown. In action upon a judgment of city court in another State, where the judgment showed on its face that it was rendered by a clerk of the court, a practice unknown to courts of general jurisdiction at common law, and unknown to the practice in Missouri, plaintiff could not recover where he failed to show any statutory authority for the judgment to be rendered in such manner.

Appeal from Circuit Court of Jasper County.—*Hon. O. S. Barton,* Special Judge.

AFFIRMED.

*B. H. Esterly* for appellant.

(1) Where a pleading is amended in a matter of substance, a continuance should be granted, and if re-

fused by the court, such refusal will be grounds for reversing the judgment. Tungstall v. Hamilton, 8 Mo. 500; Risher v. Thomas, 1 Mo. 529, second Edit; McLane v. Harrison, 1 Mo. 501, Second Edit.; Riggs v. Fenton, 3 Mo. 28; Moore & Porter v. McCulloch, 6 Mo. 444. (2) It is the duty of the court to grant a change of venue if an application is in substantial compliance with the requirements of the statutes. The duty is imperative and not discretionary. Douglas v. White, 134 Mo. 234. (3) Under the constitution and laws of the United States, each State is bound to give full faith and credit to the judgments of the courts of other States of the Union. U. S. Constitution, art. 4, sec. 1; U. S. Comp. Statutes (1901), page 6671. (4.) This obliges the courts of this State to give such judgments equal recognition and effect as a matter of pleading and evidence with that accorded to similar judgments of the courts of this State; and this without inquiring whether the domestic courts would or could have rendered such a judgment on such a cause of action, whether such a judgment would have been valid under the local laws, whether the court rendering the judgment was right or wrong in the interpretation and application of the laws of its own State, or even in its reading and application of the laws of the State where the judgment is brought in question. 23 Cyc., page 1545; Barney v. White, 46 Mo. 137; Smith v. Kander, 58 Mo. App. 61. (5) The records and judicial proceedings of the courts of Record of a sister State are admissible in evidence in the courts of this State when properly authenticated as provided in section 5387 of the Revised Statutes of Missouri, 1919. R. S. 1919, sec. 5387; Seymour v. Newman, 77 Mo. App. 578-582; Campbell, et al. v. Wolf, et al., 33 Mo. 459; Grover v. Grover, 30 Mo. 400.

*J. W. Halliburton & Son* for respondent.

(1) Judge BARTON was the special judge who tried the case at the November, 1920, term, and granted to plaintiff leave to file his bill of exceptions on or before

the 3rd day of the next regular term (being the February, 1921, term).  At the February, 1921, term, plaintiff applied to the court, Judge PERKINS presiding, for an extension of time to file the bill of exceptions and was granted until the 3rd day of the June, 1921, term, to file the same.  Judge PERKINS had no jurisdiction to make said order.  Judge BARTON is the only person who could have made the order and he was not asked to do so.  The bill of exceptions was not filed in the time required by the law and the order of the court.  State v. Bobbitt, 215 Mo. 29; Bank v. Bank, 244 Mo. 573-4; Bower v. Daniel, 198 Mo. 315; Mengel v. Leach, 226 S. W. 883.  (2) The alleged abstract of record is a commingling of a statement of the case, an abstract of the pleadings, a statement of the proceedings on the day of trial, and a statement of various things, some of which should be in the record proper, and some in the bill of exceptions. There is no showing that a bill of exceptions was ever filed, and no showing as to which of his statements appear in the record proper and which in the bill of exceptions.  From this statement, you would not have any idea that there was a bill of exceptions except for the last clause and the alleged signatures of the judges.  The whole pamphlet entitled, Abstract of Record, seems to be appellant's statement of what took place in the case. Under the rules of the court and the decisions, this alleged abstract of record cannot be considered, and there being no assignment or error as to the pleadings and record proper, the judgment should be affirmed.

FARRINGTON, J.—Judgment was rendered for the defendant by the trial court in a suit which was brought on a judgment purporting to have been rendered by the City Court of Salt Lake, Salt Lake County, Utah.  When the cause came on for trial in the circuit court of Jasper county, the plaintiff announced ready for trial, whereupon the defendant asked leave to amend an answer which had been filed and which denied that a judgment had been entered in said city court, denied that the defendant had

208 M. A.—40

appeared, and alleged that the judgment was invalid. It further alleged that the pretended judgment was entered without summons or notice to the defendant and that said city court never had jurisdiction of the defendant. The amended answer which was permitted to be filed simply added the following clause: "Defendant further answering alleged that the city court of Salt Lake City is a court of limited jurisdiction similar to that of a justice of the peace."

The record shows that upon the filing of the amended answer the plaintiff demanded a jury for the trial but immediately thereafter asked the court for time to read the amended answer and after doing so then orally sought a continuance on the ground of surprise, charging that the amendment was a ground therefor. At this point the defendant's attorney admitted that the Salt Lake City Court had jurisdiction to try cases to the amount of $500, it being more than the amount involved in this case, whereupon the trial court denied the oral request for a continuance. When this ruling was made the plaintiff's attorney filed an application for a change of venue, which was denied by the court. Immediately thereafter the plaintiff filed another application for a change of venue, which was also denied.

The appellant then went to trial and introduced in evidence a duly authenticated transcript of the judgment roll of the City Court of Salt Lake City in the case entitled Scott Groo v. W. E. Sanderson. In this connection, it appears from the record introduced that the summons in that case was served on the defendant in a county other than that in which Salt Lake City is located; that such summons was served on the defendant on November 25, 1914, and that a default was entered of record in June, 1917; that a few days after that, and in the same month, a judgment by default was entered by the clerk of said city court and that is the judgment upon which this suit is based. That judgment on its face shows that it was not rendered by any official occupying the position of a court or judge but was entered by the clerk of the city

court. It was shown by the appellant that said city court was a court of record.

From the judgment of the trial court in this cause, directing a verdict for the defendant, the appellant brings his appeal here alleging three errors; first, that the trial court erred in not granting a continuance on the ground of surprise; second, that the trial court erred in refusing to grant a change of venue; and third, that the court erred in directing a verdict for the defendant after the intro- duction of the judgment roll and judgment which we have heretofore briefly described.

Taking up appellant's three assignments in their order, we must hold that no error was committed by the court in overruling the oral motion for a continuance, and this for the reason that the amendment to the orig- inal answer raised no new issue in the case. The same defense that was made might have been made under the original answer. The plaintiff must be held to a knowl- edge of what he would be required to prove to make his case. One essential fact being that this special court had jurisdiction to try this cause in Utah and render the judgment rendered, and the amendment charging that that court had no such jurisdiction could not be a valid ground for surprise that would entitle him to a continu- ance. As to the second assignment, we may state that the first application for change of venue was properly overruled because it did not comply with secs. 1357, 1360, Revised Statutes 1919. When the court overruled the first application for change of venue the plaintiff, ap- pellant, excepted to the ruling and then filed a second application for change of venue. The court had already ruled upon the application for change of venue when the first one was filed, and no request was made to amend the same to comply with the statutes; besides, the second application certainly came too late after the plaintiff had before that announced ready for trial and then after the filing of the amended answer demanded a jury, the jury being summoned at the time the applications for a change of venue were presented to the court. [See Junior v. Mis-

souri Electric Light & Power Co., 127 Mo. 79, 81, 29 S. W. 988; Perry's Admr. v. Roberts, 17 Mo. 36, 40; Planters' Bank v. Phillips, 186 S. W. 752; State v. Davis, 203 Mo. 616, 102 S. W. 528.]

Now, as to the point made by appellant going to the merits of the case, this may be disposed of on the following grounds: the appellant fails to show any statutory authority in the city court of Salt Lake City, Utah, to render the judgment sued on, such judgment showing on its face that it was rendered by a clerk on the court, a practice unknown to the courts of general jurisdiction at common law, and unknown to the practice in Missouri. The case of Schroeder v. Edwards, 267 Mo. 459, l. c. 478, 184 S. W. 108, is clearly decisive of this point, and is a decision clearly upholding the judgment of the trial court. [See, also, Trimble Bros. v. Stamper, 179 Mo. App. 300, 166 S. W. 820; Hofheimer v. Losen, 24 Mo. App. 652.]

We being of the opinion that respondent is entitled to have this judgment affirmed on the assignments of error made by the appellant, and which have been disposed of in this opinion, will make it unnecessary for us to consider some eight highly technical points of practice raised by the respondent concerning the procedure involved in this appeal. The judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.