CENTRAL STATE BANK, RESPONDENT, v. U. S. MOODY ET AL., APPELLANT.—40 S. W. (2d) 760.

In the Springfield Court of Appeals. Opinion filed July 3, 1931.

*McKay & Peal* for appellant.

*Sharp & Baynes* for respondent.

BAILEY, J.—This is a suit instituted in the circuit court of Pemiscot county, based on three judgments rendered by a justice of the peace of Henderson county, Tennessee. The petition is in three counts, each count being based upon a certified copy of each respective judgment rendered in said Justice Court. The petition states that the judgments upon which the three counts are based were obtained upon three promissory notes in the sum of $154.80, $266.76 and $205.90 respectively. These judgments as introduced in evidence were exemplified by the affidavit of the Justice of Peace, one P. O. Roberts, and attested by the judge of the circuit court of the 12th Circuit of Tennessee, and A. B. Wallace, circuit court clerk. These certified copies of judgments and exemplification thereof were admitted in evidence over the objection of the defendants. Defendants offered a demurrer to plaintiff's evidence which was overruled and they stood on their demurrer. The jury then returned a verdict for plaintiff under the court's direction.

Defendants assign as error the action of the court in admitting the three judgments offered in evidence for the reason that they

were improperly authenticated and that they were not entitled to due credence under the Act of Congress and under the laws of the State of Missouri, entitling foreign judgments to full faith and credit.

It is contended by plaintiff's counsel that the justice's judgments were proven as near as could be in accordance with the full faith and credit clause of the Act of Congress, and that it is to be presumed that the justice had jurisdiction over the subject-matter. If that contention be true, the judgment should be affirmed. But it has never been held in this State that the judgment of the Justice of the Peace proved itself, even though properly and duly authenticated. The authorities are at variance on the question as to whether or not an inferior court is entitled to full faith and credit such as is accorded, under the law, to judgments of courts of record. [34 C. J. 1154, Article 1635.] However that may be, it is almost universally held that no presumption of validity will be indulged in to support the judgment of an inferior court, such as a Justice of the Peace.

Referring to a judgment of a Justice of the Peace in a sister state, it has been held in this State that, "in order to prove a competent judgment given by such court establishing an indebtedness, it is essential to show, too, that by the laws of the sister state the Justice of the Peace was possessed of jurisdiction in the premises—that is over the subject-matter and also by other competent evidence, jurisdiction over the person as well." [Rigler v. McClure, 189 Mo. App. 710, 1. c. 715.] To the same effect are the following Missouri cases to-wit: Bick v. Lanham, 123 Mo. App. 268, 100 S. W. 530; Trimble v. Stamper, 179 Mo. App. 300, 166 S. W. 820; Hofheimer v. Lawson, 24 Mo. App. 652.

In the case at bar no oral proof was offered and it might be said the statute could not be proved by parol evidence. In order to make a case on a foreign judgment rendered before a Justice of the Peace, the statute showing the jurisdiction of such Justice should be pleaded and offered in evidence. [Smith v. Aultman, 120 Mo. App. 462, 96 S. W. 1034.

In the case of Trimble v. Stamper, supra, it was held that, "it was upon plaintiff to show not only that a judgment was rendered in that court but that said court had jurisdiction of the subject-matter and of the person of the defendant. The judgment of a foreign court of statutory limited jurisdiction is not entitled to full faith and credit unless these matters are shown." Presumptions are not indulged in to uphold the jurisdiction of the Justice of the Peace and in an action based upon such a judgment, it is essential to prove the jurisdiction of the justice over the subject-matter. No such proof was made in this case. We think that although the judgment of the Justice of the Peace cannot be authenticated in the manner

provided by the Federal Statutes, for the reason a justice usually has no clerk nor a record kept by a clerk, yet it might be proven by parol evidence and the records available. The statute, however, upon which the jurisdiction of the justice is based, cannot be so proven but must be pleaded and proven as in any other case.

For these reasons the judgment should be reversed and the cause remanded. It is so ordered. *Cox, P. J.,* and *Smith, J.,* concur.