**CORNING TRUCK & RADIATOR SERVICE, Plaintiff-Respondent,**

v.

**J. W. M., INC., Defendant-Appellant.**

**No. 36892.**

Missouri Court of Appeals, St. Louis District, Division Three.

Oct. 5, 1976.

Francis A. Casserly, Biggs, Curtis, Casserly & Barnes, Clayton, for defendant-appellant.

Jack F. Allen, Clayton, for plaintiff-respondent.

KELLY, Judge.

This appeal is from an order and judgment of the Circuit Court of St. Louis County entered after the trial court sustained plaintiff-respondent's motion for summary judgment. We affirm.

Plaintiff instituted this action in the Circuit Court of St. Louis County under the Uniform Enforcement of Foreign Judgments Law, § 511.760 RSMo. 1969 and Rule 74.79 V.A.M.R. Defendant filed its Motion to Dismiss, Answer and Counterclaim alleging in the motion to dismiss that the plaintiff's petition failed to state a cause of action. In its Answer defendant neither admitted nor denied the allegations of plaintiff's petition alleging that it had no knowledge or information concerning the allegations contained therein and called upon the plaintiff for strict proof. Defendant, in its counterclaim, alleged in Count I that the foreign judgment was obtained by perjury and false testimony and sought $1,778.88 actual damages. Count II of defendant's counterclaim incorporated by reference the same allegations as pleaded in Count I and prayed for punitive damages of $5,000.00. Plaintiff filed a Motion to Dismiss the counterclaim and both parties' motions to dismiss were overruled "by consent." A Reply denying the allegations of defendant's counterclaim was thereafter filed. Depositions were filed on behalf of both the plaintiff and the defendant and plaintiff filed its Motion for Summary Judgment on both its petition for registration of the foreign judgment and on both counts of defendant's counterclaim together with suggestions. Defendant countered with a Memorandum in Opposition and an Affidavit of John M. Meyer, defendant's

president. Plaintiff's Motion for Summary Judgment was heard, submitted, further suggestions filed, and subsequently the trial court made findings of fact and conclusions of law and entered judgment sustaining plaintiff's motion for summary judgment, ordering the foreign judgment registered as a final judgment of the Circuit Court of St. Louis County and dismissing Count I and Count II of defendant's counterclaim with prejudice. After defendant's unsuccessful motions to set aside the summary judgment, for rehearing, and to amend judgment and opinion, this appeal followed.

This proceeding had its genesis in a lawsuit filed by the plaintiff, a partnership composed of William Boot and Barbara Boot, husband and wife, in the Small Claims Court of Corning Judicial District, County of Tehama, State of California. J.W.M., Inc., a Missouri corporation with offices in St. Louis County, Missouri, is owned by John W. Meyer and his wife and is engaged in the business of buying and selling meat at wholesale. It purchases meat in certain parts of the country. All business transactions and contracts for the purchase and sale of meat are made in the St. Louis County offices of the corporation, either in person, by telephone or by correspondence.

In February, 1972, J.W.M., Inc., in the course of its business, leased trucks from individual drivers for the purposes of transporting its meat products. It required that these trucks have J.W.M., Inc. painted on the sides of the trucks. The corporation also purchased the fuel permits for these leased trucks. On January 3, 1972, J.W.M., Inc. leased a truck from Kenneth Lynn for one year, the truck to be used in the transportation of J.W.M., Inc.'s products in interstate commerce. The agreement provided that the vehicle should be solely and exclusively under the direction, supervision and control of the lessee—J.W.M., Inc., who assumed full responsibility for the operation of the vehicle, and agreed to furnish necessary insurance in compliance with all state laws. Mr. Lynn, as the lessor, agreed that he would fully maintain, service and keep the vehicle in good repair, buy all gas, oil, tires and other necessary equipment. The drivers, including Mr. Lynn, were paid a sum in addition to the amount agreed upon for the lease of the trucks, for transporting J.W.M., Inc.'s products. The trucks were authorized to operate in interstate commerce through numerous states, including California. On or about February 26, 1972, while Mr. Lynn was driving the leased vehicle from Seattle to San Francisco, he developed some transmission trouble and stopped at plaintiff's repair shop in Corning, California. Mr. Boot's testimony, in a deposition filed in support of the motion for summary judgment, was that Mr. Lynn asked him to repair the transmission but did not say who was to pay for it, other than that "they were to wire the money to pay for it;" that he would have the money wired to Mr. Boot to pay for it. This statement was made by Mr. Lynn both prior to and after completion of the repairs, but at no time did Mr. Lynn tell him "who" they were. Mr. Boot assumed that payment was coming from J.W.M., Inc., the name painted on the door of the truck. From past experience Mr. Boot knew that in almost all cases the *lessor* will pay the bill and later withhold it from *lessee's* check; but there was no particular pattern. He had never done any business with J.W.M., Inc. before and did not contact it until after the work was completed and Mr. Lynn had left in the truck without paying the repair bill. While the truck was undergoing repairs Mr. Meyer authorized Ryder Truck Rentals to rent a substitute truck to Mr. Lynn and paid the rental.

Mr. Boot found out who J.W.M., Inc. was through Ryder Truck Rentals in Oakland, California, because before actually commencing to repair the truck transmission he had informed Mr. Lynn what parts would be necessary to make the repairs and Mr. Lynn went to a parts store in Oakland where J.W.M., Inc., did not have credit, and charged the parts to Ryder Truck Rentals with whom J.W.M., Inc. did have credit. After Mr. Boot learned where J.W.M., Inc., was located, he called its office in Missouri and had two conversations with Mr. Meyer

about the bill. During one of these conversations, which took place about one week after Mr. Lynn took off with the truck, Mr. Meyer remonstrated with him for permitting Mr. Lynn to leave with the truck without paying the bill, and told him that he would attempt to collect the money from Mr. Lynn, whom he felt was responsible for the bill.

When the bill remained unpaid, Mr. Boot added $20.00 to the repair bill for "additional phone calls to trace party," thereby increasing the amount of the bill from $202.03 to $222.03, and on January 12, 1973, filed an action in the Small Claims Court against J.W.M., Inc., seeking $270.13 by reason of "an obligation . . . contracted to be performed in the above-named judicial district."[1] On June 5, 1973, the Small Claims Court entered a default judgment against J.W.M., Inc. for $270.13 plus $8.75 costs. The Small Claims Court found that "the plaintiff (Corning Truck and Radiator Service) was doing business within the State of California and that the court has jurisdiction over defendant (J.W.M., Inc.)."

On June 25, 1973, the plaintiff filed its petition for registration of the foreign judgment as aforesaid.

On appeal, appellant raises three points of claimed error. The alleged errors of the trial court presented for review are (1) that it erred in failing to sustain appellant's motion to dismiss respondent's petition for registration of foreign judgment because (a) the California Small Claims Court is not a court of general jurisdiction and (b) respondent neither alleged nor proved that the Small Claims Court had jurisdiction to enter the judgment against appellant; (2) that it erred in sustaining respondent's motion for summary judgment because there were genuine and substantial issues of material fact regarding the California Small Claims Court's jurisdiction over the subject matter of the action; and (3) that it erred

in dismissing appellant's counterclaims because the factual issues raised therein created substantial and material issues of fact.

A "foreign judgment" entitled to registration under the Uniform Enforcement of Foreign Judgments Law of this State, § 511.760 RSMo. 1969 and Rule 74.79 V.A.M.R. is a judgment, decree or order of a court of the United States or of any state or territory which is entitled to full faith and credit in this state. § 511.760.1(1) RSMo. 1969, Rule 74.79(a)(1) V.A.M.R. The Federal Constitution, U.S.C.A.Const. art. 4, sec. 1, requires courts of Missouri to give full faith and credit to judgments of the courts of sister states unless it can be shown that there was a lack of jurisdiction over the subject matter, failure to give due notice, or fraud in concoction of the judgment. *O'Neill v. Winchester*, 505 S.W.2d 135, 136[1] (Mo.App.1974). A judgment rendered by a court of general jurisdiction of a sister state is presumed, absent any showing to the contrary, to be a judgment wherein the court not only had jurisdiction over both of the parties and over the subject matter, but also that the court followed its laws and entered a valid judgment in accordance with the issues made in the case. *McDougal v. McDougal*, 279 S.W.2d 731, 739[28] (Mo.App.1955).

Appellant contends, however, that the California Small Claims Court which rendered the judgment sought to be registered in Missouri, is not a court of general jurisdiction, but one which has replaced the justice and municipal courts of California, and therefore respondent's Petition for Registration of Foreign Judgment was defective because respondent neither pleaded nor proved that the California Court of Small Claims had the requisite jurisdiction entitling its judgment to full faith and credit in Missouri. Respondent's reply to this argument is that its Petition for Registration of Foreign Judgment was filed in accordance with Rule 74.79 V.A.M.R. and an authenti-

---

1. This was the second action filed to collect the repair bill, the first having been filed on March 2, 1972, in the same Small Claims Court, against John Meyer, Inc. and Ken Lynn for $211.93. The record does not reflect what the disposition of this case was. The judgment sought to be registered in this case was entered in the second suit instituted after it was learned that defendant-appellant was incorporated as "J.W.M., Inc."

cated copy of the judgment of the California Small Claims Court was attached to the petition and made a part thereof as an exhibit; that therefore the judgment is subject to attack only on one or more of the three grounds specified above.

So far as we have been able to discern this is a case of first impression under the Uniform Enforcement of Foreign Judgment Law since its adoption in this state in 1951. Under the former practice, when a judgment creditor brought suit on a judgment obtained in a foreign court which was not one of general jurisdiction, the burden was on the plaintiff to plead and prove that the court of inferior jurisdiction possessed jurisdiction over the subject matter of the law suit in which the judgment was entered before a Missouri court could be required to give full faith and credit to the foreign judgment and enter a Missouri judgment thereon. *Groo v. Sanderson*, 208 Mo.App. 623, 235 S.W. 177 (1921), *Central State Bank v. Moody*, 225 Mo.App. 446, 40 S.W.2d 760 (1931). The plaintiff, to meet this burden of proof in the trial, would introduce into evidence the statute of the foreign state conferring jurisdiction on the foreign forum of the subject matter of the law suit. The issue to be resolved is whether this is still required under the Uniform Enforcement of Foreign Judgments Law.

■ To decide this question we believe it is appropriate to consider the legislative intent in enacting the new law as evidenced by the reason for its adoption as reflected within the provisions of the law itself. We believe that it is clear that in enacting the law the legislature intended to afford judgment creditors an alternative and summary method of enforcing judgments of foreign forums which were entitled to full faith and credit under the Federal Constitution in addition to that already available by a suit on the foreign judgment in the nature of a suit on a debt as had been the practice in Missouri.

The summary nature of the procedure, whereby the foreign judgment is immediately registered upon the filing of an application or petition in the form specified in § 511.760.3 RSMo. 1969 and the provision that even prior to the time the judgment debtor has been served a levy may be issued upon any property of the judgment debtor subject to execution or other judicial process for satisfaction of the foreign judgment. The judgment remains registered until the court in which it is registered, after hearing, orders the registration set aside. Even where personal service cannot be obtained on the judgment debtor within 30 days after the levy and where he has not acted within 35 days after the mailing of the notice required by § 511.760.5 RSMo. 1969, the registered judgment becomes a final judgment quasi in rem of the court in which it is registered, binding upon the judgment debtor's interest in property levied upon.

■ Under prior Missouri decisions there was no question that the judgments of inferior courts of the other states of the Union were entitled to full faith and credit. In suits on judgments of said inferior courts it was, however, the burden of the party plaintiff to plead and prove that said judgment was one which was within the subject matter jurisdiction of the inferior court awarding the judgment. While the General Assembly in adopting the Uniform Enforcement of Foreign Judgment Law did not specifically shift this burden with respect to judgments of the inferior courts of sister states insofar as this element of proof is concerned, we are of the opinion that in adopting this alternative method of establishing a judgment of a court of a sister state by registration and specifying the form of the application or petition for registration in the form prescribed, it was the intention of the legislature to remove those distinctions previously adhered to with respect to judgments of courts of general jurisdiction and inferior courts and shift the burden of proof with respect to any infirmities in the judgment of the sister state's courts depriving them of entitlement to full faith and credit from the petitioner to the judgment debtor. The summary nature of the proceedings is more consistent with this approach to the registration of the judg-

ment and the respective burdens of proof than that which was formerly followed.

We hold therefore that the trial court did not err in denying appellant's motion to dismiss respondent's petition to register this foreign judgment where the petition complied with the requirements of § 511.760.3 RSMo. 1969 and Rule 74.79(c) V.A.M.R.

■ Appellant's second point is that the trial court erred in sustaining respondent's motion for summary judgment because there is a substantial and genuine dispute as to whether appellant contracted to perform an obligation in the Corning Judicial District of the Small Claims Court of California, County of Tehama. In its brief appellant couches this "substantial and genuine dispute" in terms of whether the California Small Claims Court had "jurisdiction over the subject matter of the California Action." However, in the Argument portion of its brief, appellant's complaint is based upon the question of whether in contracting with respondent for the repair to the transmission of the truck it had leased from Mr. Lynn, Mr. Lynn was acting as its agent so as to make it liable to the respondent for the repairs or was acting for himself and under the lease agreement between Mr. Lynn and appellant so that Mr. Lynn alone was liable for the repairs. This is not a jurisdictional issue.

The California Code of Civil Procedure, Chapter 5–A Small Claims Courts, § 117, confers jurisdiction on all judges of the justices and municipal courts while sitting as a small claims court to cases for the recovery of money only where the amount claimed does not exceed five hundred dollars. This claim for money did not exceed that amount, and was, therefore, within the jurisdiction of the Small Claims Court to adjudicate.

■ Appellant seizes upon the venue portion of the statute which provided that when a defendant has contracted to perform an obligation in a particular judicial district, an action founded on the obligation might be commenced and maintained either in the judicial district where the obligation was to be performed or in which the defendant or any such defendant resides at the commencement of the action. This venue provision was deleted by amendment in 1972 and venue thereafter was the same as for civil actions filed in the justice or municipal court.[2] Regardless, it would not affect the jurisdiction of the Small Claims Court in this case because the agreement sued on was made in this judicial district whether by Mr. Lynn or by him as appellant's agent.

■ The defense appellant seeks to raise to jurisdictional level does not rise to that stature. Appellant was served under the California Long Arm Statute and does not challenge the validity of that service. It chose not to defend. It cannot now, at this late date, attempt to interpose in this Registration proceeding a defense which would have been available to it had it chosen to appear and defend in the forum. This is not the type of defense contemplated by § 511.760.8 RSMo. 1969. This section of the Act was intended to do no more than recognize that a judgment debtor should have the right to raise any defense, set-off or counterclaim which, under the law of this state, he might have asserted in the pre-existing procedure by which a judgment creditor in a foreign state had to bring a suit on said judgment in Missouri in order to establish a Missouri judgment on which levy could be had. See: Leflar, The New Uniform Foreign Judgments Act, 3 Ark.L.Rev. 402, 410, 412. Were this a proceeding to establish this California judgment as a Missouri judgment under the practice existing prior to the enactment of the Uniform Enforcement of Foreign Judgment Law, appellant could not have relied on this defense because it was not one of the three grounds recognized as a defense in a suit for that purpose. He cannot do so

2. Chapter 5A, California Code of Civil Procedure, Small Claims Courts, § 117 as amended Stats.1972, c. 1119, p. 2145, sec. 1.

in the proceeding for the registration of this California judgment either.

Furthermore, "subject matter jurisdiction" is the power to adjudge concerning the general question involved, and if a complaint states a case belonging to a general class over which the authority of the court extends, that court possesses "subject matter jurisdiction." The question of subject matter jurisdiction is not, as appellant contends, a fact issue, it is one of law. *LaVerne v. Jackman*, 84 Ill.App.2d 445, 228 N.E.2d 249, 255[4, 5, 6] (1967).

We rule this point against appellant.

The final point raised by appellant is that the trial court erred in dismissing its counterclaims because they raised fact issues whether respondent committed perjury in falsely stating in the Small Claims Court that the amount owed it was $270.13 when, in fact, the amount of the repair bill was less than that amount.

There are two reasons why there is no merit to appellant's point. Initially, appellant in its counterclaim based its claim on an allegation that the judgment of the Small Claims Court was obtained by reason of an allegation in respondent's petition in that court that the obligation sued on was contracted to be performed in the "above named judicial district," when, in fact, at no time did the appellant contract any obligation whatsoever with the respondent in the State of California. On appeal the appellant has changed the perjury alleged in its counterclaim to a charge that respondent's perjury consisted in inflating the amount of the repair bill. This appellant may not do and still preserve anything for this court to review because an appellate court will not review a case upon a theory different from that which was presented to the trial court from whence the appeal comes. *Jenkins v. Andrews*, 526 S.W.2d 369, 376[4] (Mo.App.1975).

However, a further reason for our holding on this point, is that the perjury alleged here is not that fraud upon the trial court which, even if proved, affects the jurisdiction of the court with respect to the

registration of the judgment, and allegations of fraud going to the merits of the litigation in California cannot sustain a collateral attack and preclude enforcement of a foreign judgment. Only fraud in the procurement of jurisdiction, not fraud which occurs in the proceedings of the court after jurisdiction has been obtained, such as perjury, concealment, and other chicanery, may be the basis for an attack on the registration of a foreign judgment. *LaVerne v. Jackman*, supra, 1. c. 255[8]. See also: *Fulton v. I. T. & T. Corp.*, 528 S.W.2d 466, 470[6] (Mo.App.1975).

We likewise rule this point against appellant.

The judgment of the trial court is affirmed.

SIMEONE, P. J., and GUNN, J., concur.