JOEL H. RIEGER, Respondent, v. ROYAL BREWING CO., Appellant.

Kansas City Court of Appeals, May 16, 1904.

1. **GUARANTEE: Rent: Construction.** Defendant made this indorsement on a lease to one T.: "This lease is guaranteed for four months in advance by R. in case said T. fails to make payments stated." *Held,* this did not mean the guarantee of the first four months of the term but four months after T. made default of his payments.

2. ————: ————: **Jury Question: Instruction: Surrender.** Under this lease T. paid for the first month, R. paid for the second and third months and took receipts in T.'s name. *Held,* the issue whether R.'s payment was made as agent for T. or for himself was for the jury and was properly submitted on the instruction; *held,* further, there was no surrender on the evidence.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*Wollman, Solomon & Cooper* for appellant.

(1) It is well-settled law that where a contract is obscurely expressed, or so uncertain in its terms as to leave its meaning to conjecture, it may be explained by

parol evidence. Newberry v. Durand, 87 Mo. 290. (2) The court erred in refusing to sustain the demurrer to the evidence on the first count of plaintiff's petition. Wright & Son v. Ins. Co., 74 Mo. App. 364; Jewelry Co. v. Bertig, 81 Mo. App. 393; Brewer v. Schwartz, 94 Mo. App. 392. (3) The evidence showed that there was actual change of possession of the premises from Tripp to Lewis, and that Rieger accepted rent from Lewis. Therefore, this operates as a surrender of the lease. Clemmens v. Broomfield, 19 Mo. 118; Kerr v. Clark, 19 Mo. 132; Matthews, Admr., v. Tobener, 39 Mo. 115; Hutchinson v. Jones, 79 Mo. 496; Koenig v. Brewing Co., 38 Mo. App. 182; Huling v. Roll, 43 Mo. App. 234; Churchill v. Lammers, 60 Mo. App. 244; Tobener v. Miller, 68 Mo. App. 569; Snyder v. Parks, 75 Mo. App. 529. (4) The court erred in giving plaintiff's instruction number 1. (5) The court erred in refusing to give instructions numbered 1, 2, 3, 4, 5, 6 and 7, asked by defendant. "The actual change of possession from the lessee to another tenant and the acceptance of rent from him by the landlord operates as a surrender." Clemmens v. Brookfield, 19 Mo. 118; Matthews, Admr., v. Tobener, 31 Mo. 115; Hutchinson v. Jones, 79 Mo. 496; Koenig v. Brewing Co., 38 Mo. App. 182; Huling v. Roll, 43 Mo. App. 234; Churchill v. Lammer, 60 Mo. App. 244; Tobener v. Miller, 68 Mo. App. 569; Snyder v. Parks, 75 Mo. App. 529. (6) The court erred in giving its instruction No. 2.

*James C. Rieger* for respondent.

(1) "Where a contract as written is not uncertain in its terms or its objects, and nothing is left to conjecture, or where it is not a mere memorandum purporting to leave something open to inquiry, the law conclusively presumes that the whole engagement is reduced to writing, and oral testimony is not admissible to change it." Kenefick v. Foundry Co., 72 Mo. App. 385;

Broughton v. Null, 56 Mo. App. 231; Johnson County v. Wood, 84 Mo. 489. (2) The general rule is that parol evidence can not be admitted to contradict, add to, or vary a written contract; and it is the duty of the court to construe the writing. Bunce, Admr., v. Beck, Exr., 43 Mo. 266; Lumber Co. v. Warren, 93 Mo. 374; State ex rel. Yeoman v. Hoshan, 98 Mo. 358; County of Johnson v. Wood, 84 Mo. 489. (3) We submit that the petition states a complete cause of action against defendant. The rule of pleading is, that the facts which are necessarily implied from the direct averments in a pleading, will be deemed as having been stated. Weaver v. Harlan, 48 Mo. App. 323; Dillon v. Hunt, 82 Mo. 150; Evans v. Bank, 79 Mo. 153; Wells v. Adams, 88 Mo. App. 223. (4) The instructions given by the court fully covered all the issues in the case and interpreted the guaranty as it read, and not upon segregated parts thereof, as appellant contends he should have done. (5) The error complained of by appellant, that the court should have given its instructions numbered 2, 3, 4 and 7, is not well founded, as the court submitted to the jury all that appellant is contending for in his four instructions.

ELLISON, J.—This action is based on a written guaranty of payment of rent on a building owned by plaintiff which he rented to one John R. Tripp. The plaintiff recovered in the trial court.

It appears that plaintiff leased to Tripp for a saloon, certain property in Kansas City for a period of more than two years, at one hundred dollars per month. And that defendant gave the following guaranty, written on the lease, as to payment of rent, viz.: ''This lease is guaranteed four months in advance by the Royal Brewing Company, in case said Tripp fails to make payments stated.'' Rent was paid for the month of October by Tripp in person, and for November and December by defendant as agent for Tripp (so plaintiff claims) and

the receipts were made out in his name. The rent for January was not paid and the premises abandoned and surrendered to plaintiff at the end of that month and remained vacant for about eight months. Plaintiff demanded four months' rent of defendant under the terms of the guaranty, which was refused. This suit followed and plaintiff recovered for four months.

The defendant contends that the guaranty is ambiguous and that, explained by oral evidence, it meant that defendant only guaranteed the payment of the first four months' rent on the lease, and that as three were paid, only one remained due. The court refused to hear such evidence and construed the guaranty as not needing explanation and that it meant to guarantee four months' rent after Tripp should cease to pay as stipulated in the lease. This we believe, was the proper view to take of the writing and our ruling is that no error was committed in that respect.

When Tripp made his first default in payment, defendant's liability began for the four succeeding months. As above stated, three months were paid; but as two of these were paid by the hand of defendant, though accepted and receipted for as from Tripp, it made a question whether they were payments by Tripp through defendant as his agent, or whether they were defaulted by Tripp and were paid by defendant on its guaranty. That phase of the case was submitted in an instruction given at defendant's request and the jury found that the payments were Tripp's and not made on the guaranty.

Considerable is said by defendant on the subject of a surrender of the premises and authorities are cited on that head. But there is no room in the case for such question. When the character of the guaranty, connected with the lease, is considered, it will be seen that clearly the object was to secure to plaintiff four months' rent after Tripp should fail. We find nothing in the case, the guaranty and lease considered, to justify the

contention that plaintiff surrendered, or intended to surrender his lease, in the sense of annulling the obligation for the payment of rent. Plaintiff received the key to the premises for the purpose, stated to defendant, of protecting the property and not to in anywise release the guaranty. It is true that there was some expression of willingness to accept defendant as assignee of the lease if it would take it for the full term. But that was not carried out.

Upon an examination of the whole case we find no error justifying us in disturbing the result reached. Indeed, the judgment is so manifestly for the right party that it ought not to be disturbed, and it is therefore affirmed. All concur.