## ADRIAN U. FIESTER, Respondent, v. WILLIAM S. DROZDA, Appellant.

### St. Louis Court of Appeals, March 1, 1913.

1. GUARANTY: Construction of Contract. An instrument providing that, if a lessee failed to pay the rent specified in a lease or if the lease was forfeited, the person signing guaranteed the payment of rent to the lessor for three months from the date it was due and unpaid or the date the lease was forfeited, was a contract of guaranty rather than suretyship.

2. ———: ———: Liability of Guarantor. The terms of a contract of guaranty are to be strictly construed and the liability of the guarantor cannot be extended by implication, but the contract must nevertheless be construed so as to give effect to the intent of the parties.

3. ———: Subsequent Contract: Construction: Evidence. Defendant agreed, by a written instrument, to guarantee to a lessor the payment of rent for three months from the date it was due, in the event the lessee failed to pay it. The lessee continued in possession until February 16, 1910, when he surrendered it to parties to whom he had assigned the lease on January 10, 1910. The lessor gave his consent to the assignment on condition that defendant, as guarantor, remain "fully bound by all the obligations imposed on him in said lease." By a

written instrument executed February 16, 1910, defendant agreed to remain bound by his guaranty to plaintiff and by all the conditions of the written consent of plaintiff to the assignment of the lease "in all respects as if the assignments had not been made and said consent had not been granted." In an action by the lessor on the latter instrument, for three months' rent in arrear by the assignees, *held* that said instrument was not a new contract of guaranty for the payment of rent by the assignees, separate from and independent of the original undertaking of the defendant, but was merely a formal written consent of defendant to the assignment of the lease, and that defendant's obligation was limited to the original guaranty; and hence defendant, when sued on the guaranty, was entitled to prove a payment to plaintiff of rent in arrear for three months prior to the assignment of the lease, in discharge of his obligation.

4. ———: ———: ———: ———: ———. In such case, the fact that defendant's obligation was renewed subsequent to the time he claims it was discharged by virtue of the payment of three months rent in arrear would not negative defendant's claim of extinguishment nor have the effect of causing the instrument of February 16 to be construed as a new contract of guaranty.

5. ———: ———: ———: ———. In such case, the fact that defendant paid a small part of the rent for a month subsequent to the assignment would not have the effect of causing the instrument of February 16 to be construed as a new contract of guaranty; it not appearing whether defendant made such payment in discharge of what he conceived to be his obligation remaining on his original undertaking or in recognition of his liability on the instrument of February 16 as a new and separate guaranty.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

REVERSED AND REMANDED.

*A. R. Russell* for appellant.

A surety has the right to stand upon the letter of his obligation and his liability cannot be extended by construction or implication. Life Ins. Co. v. McDearmon, 133 Mo. App. 671; State ex rel. v. Delaney, 122 Mo. App. 234; Martin v. Whites, 128 Mo. App. 117; Reissaus v. Whites, 128 Mo. App. 135; Mansom v. Cole-

man, 86 Mo. App. 18; State ex rel. v. Weeks, 92 Mo. App. 359; State ex rel. v. Hendricks, 88 Mo. App. 560; Burnes Estate v. Fid. & Dep. Co., 96 Mo. App. 467.

*George W. Lubke* and *George W. Lubke, Jr.,* for respondent.

ALLEN, J.—This is an action against defendant as guarantor upon a lease. On March 27, 1909, the plaintiff leased certain premises in the city of St. Louis to one Charles Howell for a term of four years, at a rental of $315 per month, payable monthly in advance. The defendant became a guarantor for the lessee Howell, by the following writing, signed by him, upon said lease, viz.:

"In case said lessee fails to pay the rental specified in the foregoing lease, or said lease is forfeited for any reason, then I hereby guarantee the payment of rent to said lessor for the premises herein leased to said Charles Howell, for the term of three months from the date such rent is due and unpaid or the date said lease is forfeited.

"St. Louis, Mo., March 27, 1909.

"WILLIAM S. DROZDA. (Seal)"

The lessee, Howell, went into possession of the leased premises, and continued in possession until February 16, 1910. On January 10, 1910, Howell executed an assignment of all his right, title and interest, as lessee, in and to the lease, to one Sam Gross and one Leonhard Offermann. On February 12, 1910, the defendant made a written request upon plaintiff, the lessor, to consent to said assignment by Howell to Gross and Offermann, for the remainder of the term of the lease; and on the same date the plaintiff executed a written consent thereto, stipulating however as one of the conditions therein, 'that the said W. S. Drozda, as guarantor and surety remains fully bound by all the

obligations imposed on him in said lease.'' There-upon, on February 16, 1910, the defendant Drozda executed the following writing:

''I, W. S. Drozda, surety and guarantor for Charles Howell, lessee, in and of his obligation under the aforesaid and hereto attached lease, do hereby accept the terms and conditions of the aforegoing consent to the assignment to Sam Gross and Leonhard Offermann by Charles Howell, lessee, of his interest in said lease, and in consideration of the sum of one dollar to me paid by Adrain U. Fiester, do also hereby consent to the aforegoing assignment of said lease and do agree and acknowledge that I am and do remain bound as fully by my guarantee to said Adrain U. Fiester, and all the conditions of said consent in all respects as if said assignment had not been made and said consent had not been granted.

W. S. DROZDA.    (Seal)''

St. Louis, Mo., Feb. 16, 1910.

It is averred by the petition that the new lessees, Gross and Offermann, failed to pay the rent for the premises for the months of June, July and August, 1910, aggregating $945, and that the defendant also refused to pay the same; and judgment is prayed against the defendant for said rental for these three months.

The answer is a general denial, coupled with the averment that the original lessee, Howell, and the new lessees, Gross and Offermann, failed and neglected to pay the rent of said premises for the months of February, March, April and May, 1910, amounting to $1260; that the defendant, in pursuance of his undertaking and on default of said lessees, paid plaintiff the said sum of $1260; whereby all of defendant's obligation, npon his undertaking in the premises, was fully discharged. The reply was a general denial of the new matter in the answer.

The cause was heard before the court and a jury. Upon the trial it was shown, on behalf of plaintiff, that the new lessees had failed to pay the rent for the months of June, July and August, and that plaintiff had, by landlord's summons before a justice of the peace, obtained possession of the premises on September 1, 1910. One Wissmann, a witness for plaintiff, and who was a collector for the real estate firm having charge of the property for plaintiff, testified that the rent for the months of December, 1909 and January and February, 1910 had been paid by checks of the defendant. He identified a rent receipt dated December 17, 1909, and a check of defendant attached thereto for $315, bearing the same date and payable to J. E. Kaime and Brother, plaintiff's agents in charge of the property. He likewise identified a similar receipt, and a like check, for the same amount, dated January 13, 1910; also a similar receipt, and a like check, for the same amount, dated February 9, 1910. It appears that in these receipts, after the printed words "received payment," the words, "From W. S. Drozda" were written in. The witness stated that he had written these words on the receipts at the request of the defendant, the latter saying that he had had some trouble with Howell, and 'was going to wind up" with him and wanted to be able to produce the receipts to show that he had made these payments.

On redirect examination Wissmann testified that he first went to Howell for these rents; that Howell at first wanted to make partial payments on the rent, which the witness would not accept; that Howell thereupon said that he would make payments to defendant Drozda every week or every two weeks, and that the latter would pay the rent in full. The witness stated that he then went to defendant for the rent. This witness also identified a check of defendant for $40, of date June 13, 1910, being for a portion of the rent for the month of May, 1910.

On behalf of defendant it was sought to introduce in evidence the rent receipts for December, 1909, and January and February, 1910, together with the above mentioned chcks of defendant, of date respectively December 17, 1909, January 13, 1910, February 9, 1910, in an effort to show that these payments were made by defendant himself as guarantor upon the lease. The plaintiff objected to the introduction of these instruments, and to any testimony concerning the same, upon the ground that defendant had, on February 16, 1910, renewed his guaranty, so as to become guarantor for the new lessees, Gross and Offermann, to the same extent that he had originally been liable for Howell; and that therefore any payments of rent that defendant had made prior to February 16, 1910, was wholly immaterial in this action. These objections were sustained by the court, to which rulings the defendant duly excepted. The court however admitted in evidence the check of defendant, of date June 13, 1910, for the sum of $40, being for a portion of the rent for the month of May, 1910.

On account of the adverse rulings of the court respecting the admission of defendant's evidence, the defendant offered no further testimony. Thereupon the court peremptorily instructed the jury to return a verdict in favor of plaintiff for $945, less the $40 paid by defendant upon the rent for May, 1910, leaving a balance of $905, with interest thereon from the date of the commencement of the suit. In obedience to said instruction, the jury thereupon returned a verdict for $935.50. Judgment was rendered accordingly, and the defendant appealed.

The court excluded the receipts and checks offered by defendant to show payments of rent by him prior to February 16, 1910, and defendant's testimony concerning the same, upon the theory that the defendant had on the last mentioned date entered into a new

171 Mo. App.—39

contract of guaranty whereby he had guaranteed the payment of rent by the new lessees, in like manner and to the same extent that he had in his original undertaking. The appellant urges that by the undertaking of defendant of February 16, 1910, no new contract of guaranty was made, but that thereby the original contract was merely continued in existence; that is to say, that the defendant remained liable to the extent only that he would have been had the assignment of the lease not been made.

The undertaking of defendant is one of guaranty, rather than of suretyship (Rieger v. Royal Brewing Company, 106 Mo. App. 513, 80 S. W. 969; Perry v. Barrett, 18 Mo. App. 140; Virden v. Ellsworth, 15 Ind. 144; 20 Cyc. 1400; 12 Am. & Eng. Ency. (2 Ed.), 1130); but the distinction is not important here. The terms of the contract of guaranty are to be strictly construed, and the liability of the guarantor cannot be extended by implication, but the contract must be construed so as to give effect to the intention of the parties. [Shine v. Central Savings Bank, 70 Mo. 524; Mitchell v. Railton, 45 Mo. App. 273; Kansas City v. Youmans, 213 Mo. 151, 165, 112 S. W. 225.] The rule does not preclude the courts, when construing a contract of guaranty, from applying the rules and tests applied to other contracts, in undertaking to determine the real meaning of the language used. [Kansas City v. Youmans, supra.]

By the terms of the original undertaking of defendant, he guaranteed the payment of the rent for the premises for a term of three months from the date such rent became due and remained unpaid, or the date of the forfeiture of the lease. The record shows that defendant made a written request upon plaintiff that the latter consent to the assignment by Howell to Gross and Offermann. Plaintiff did consent to this assignment, upon condition that the defendant remain *fully bound by all obligations imposed on him in said*

*lease.* By the instrument of writing of February 16, 1910, executed by defendant, the latter agreed to remain bound by his guaranty to plaintiff, and by all of the conditions of this written consent of plaintiff to the assignment of the lease, *in all respects as if said assignment had not been made and said consent had not been granted.* After careful consideration of the question, we are unable to agree with the view of the learned trial judge that this constituted a new guaranty by defendant for the payment of the rentals by the new lessees, separate from and independent of the original undertaking of defendant. On the contrary, we think that the intention of the parties, gathered from the language used in the writing of February 16, 1910, together with that of the written consent of plaintiff therein referred to, appears to be that the obligation of defendant was not to be extended beyond that fixed by his original guaranty. In fact the plaintiff gave his consent to the assignment upon condition that the defendant remain bound by the obligations *imposed on him in said lease,* without undertaking evidently to impose upon him any new obligation. The defendant, on the other hand, agreed, in effect, that his original obligation was to remain in full force and effect, regardless of the assignment of the lease, *as if said assignment had not been made* and plaintiff's consent thereto *had not been granted.* Defendant, of course, would have been released upon his contract of guaranty, had the plaintiff consented to an assignment of the lease and such assignment had been made to the new lessees, without the consent of the defendant. And it appears that the instrument of February 16, 1910 was merely a formal written consent of defendant to the assignment of the lease, in order that defendant be not released from his original obligation, and not that it was intended thereby to create a new, separate and independent guaranty on his part. If this be true, then defendant was at liberty to show that

he had discharged part or all of his obligation as guarantor on the lease.

Respondent says that under the evidence adduced by plaintiff, which was uncontradicted, plaintiff was entitled to have the jury peremptorily instructed to return a verdict in his favor. This would doubtless be true upon the evidence actually admitted. However, defendant's complaint is that he was not permitted to show that he had, as guarantor, made certain payments of rentals in discharge, partial or total, of his obligation.

It is also contended by respondent that the renewal of defendant's obligation, on February 16, 1910, negatived all claim that, by his previous payments of rent for Howell, he had extinguished his obligation as guarantor. This, however, does not necessarily follow. The agreement to remain bound by the original obligation may appear to have been a useless thing, if in fact defendant had discharged himself from all liability thereon; nevertheless, there being no evidence that there was, at the time, any consideration or discussion of the question as to whether defendant's original liability had been discharged, in whole or in part, and the language of the agreement itself being such as to imply no new or aditional obligation, we do not feel at liberty to extend the obligation of defendant beyond the clear import of the language used.

Respondent also urges that by the payment of a portion of the May rent for the new lessees, defendant recognized his liability as guarantor for these lessees, as upon a new contract of guaranty. This payment, however, by defendant of a portion of the May rent is not a controlling factor in determining that question. It does not appear whether defendant made this payment in discharge of what he conceived to be his obligation remaining upon his original undertaking or in recognition of his liability upon the instrument of February 16, 1910, as a new and separate guaranty.

The mere payment of a small part of the May rent would not justify us in construing the writing in question beyond the plain terms of the instrument itself. And by the language of the instrument we think it appears that it was intended merely to preserve the *status quo*.

It is true that plaintiff's testimony went to show that the payments made by defendant for rent prior to the assignment of the lease, were really made by Howell through defendant as his agent, and not by defendant on his guaranty. In our opinion, however, the learned trial judge erred in not permitting the defendant to testify concerning these payments. With these receipts and checks in evidence, and defendant's testimony heard concerning these payments, it would then be a question for the jury as to whether the payments were made as agent for the lessee, or by the defendant as guarantor in discharge of his obligation as such.

It is true that the answer avers that the defendant, as guarantor, paid the rent for the months of February, March, April and May, 1910, while the offers of proof made by defendant show that the payments sought to be proved were for the months of December, January and February, and a portion of the May rent. Defendant, however, during the progress of the trial asked leave to amend his answer, which request was not passed upon by the court, evidently because of the view taken by the court that defendant was not entitled to show any payments made by him as guarantor prior to February 16, 1910.

The judgment of the circuit court is reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.